Cite as 2018 Ark. 20

# SUPRME COURT OF ARKANSAS

**No.** CR–04–40

| | |
|---|---|
| ADRIAN LOUIS CARNER<br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br>RESPONDENT | **Opinion Delivered** January 25, 2018<br><br>PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR A WRIT OF ERROR CORAM NOBIS<br>[PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION, NO. 60CR-02-261]<br><br><br>PETITION DENIED. |

**JOHN DAN KEMP, Chief Justice**

Petitioner Adrian Louis Carner, who was convicted in 2003 of first-degree murder, brings this pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. He contends that (1) he was convicted on "nothing solid" and the State failed to prove the elements of the offense; (2) there were errors in his trial; (3) the Arkansas Court of Appeals affirmed the judgment without conducting a proper review on appeal and made errors in its consideration of the appeal; (4) the Supreme Court of Arkansas did not "look deeply" into the evidence adduced at trial; (5) the State, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), referenced "the petitioner's prior when such was not supposed to had been." Because Carner has not demonstrated in the petition that the writ should issue, the petition is denied.

The petition is properly filed in this court. Carner's conviction for first-degree murder was affirmed on appeal. *Carner v. State*, CR-04-40 (Ark. App. Dec. 1, 2004) (original docket no. CACR 04-40). The trial court cannot entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal unless this court grants permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524; *Westerman v. State*, 2015 Ark. 69, 456 S.W.3d 374; *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. A court is not required to accept the allegations in

2

a petition for writ of error coram nobis at face value. *Green*, 2016 Ark. 386, 502 S.W.3d 524.

## I. *Sufficiency of the Evidence to Sustain the Judgment*

Carner's coram nobis petition is largely made up of claims that the evidence adduced at his trial was insufficient to prove that he was guilty of first-degree murder. Challenges to the sufficiency of the evidence constitute a direct attack on the judgment and are not cognizable in a coram nobis proceeding. *Grady v. State*, 2017 Ark. 245, 525 S.W.3d 1. Allegations that the evidence presented at trial was not sufficient to support a finding of the defendant's guilt are issues to be addressed at trial, and, when appropriate, on the record on direct appeal. *Jackson v. State*, 2017 Ark. 195, 520 S.W.3d 242.

## II. *Trial Error*

Assertions of trial error that were raised at trial, or which could have been raised at trial, are not within the purview of a coram nobis proceeding. *Howard*, 2012 Ark. 177, 403 S.W.3d 38. Such claims are not within the scope of the limited grounds on which the writ may issue, and a coram nobis action does not provide the petitioner with a means to retry his or her case.

## III. *Review of Judgment by the Appellate Courts*

A coram nobis proceeding is not a means to challenge the review conducted by the appellate court on direct appeal. Any petition for rehearing or review that Carner desired to file after the court of appeals had affirmed the judgment in his case should have been filed in accordance with Arkansas Supreme Court Rules 2-3 and 2-4 (2016) before the mandate of the court of appeals was issued.

With respect to Carner's contention that this court did not delve into the evidence adduced at his trial, the only proceeding in this court concerning Carner's conviction was a motion for belated appeal that Carner filed here in 2005. The motion, which was filed pursuant to Rule 2(e) of the Arkansas Rules of Appellate Procedure–Criminal (2016), sought to proceed with a belated appeal from the trial court's denial of his pro se petition pursuant to Arkansas Rule Criminal Procedure 37.1 (2004). The motion was denied because Carner did not show good cause for his failure to file a timely notice of appeal from the order. *Carner v. State*, CR-05-1207 (Ark. Jan. 5, 2006) (unpublished per curiam). *See McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). The sufficiency of the evidence to support the judgment was not a factor in this court's determination that Carner had not demonstrated good cause for not timely filing a notice of appeal. Moreover, as with the court of appeals' decision to affirm the judgment, this court's decision on a motion for belated appeal cannot be challenged in a coram nobis proceeding.

## IV. *Brady v. Maryland*

The United States Supreme Court held in *Brady* that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. There are three elements of a *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. *Strickler v. Greene*, 527 U.S. 263 (1999). When determining whether a *Brady* violation has occurred, it must first be established by

4

the petitioner that the material was available to the State prior to trial and the defense did not have it. *Cloird v. State*, 357 Ark. 446, 452, 182 S.W.3d 477, 480 (2004).

Carner has not established a *Brady* violation. He states only that prejudice occurred "as referencing the petitioner's prior when such was not supposed to had been." Carner does not explain the allegation further, and he does not allege that the State suppressed any evidence. Claims without a factual basis are not a ground for the writ. *Green*, 2016 Ark. 386, 502 S.W.3d 524.

Petition denied.