Cite as 2018 Ark. 379

# SUPREME COURT OF ARKANSAS

No. CR-00-1360

| | |
|---|---|
| RODNEY BUNCH **PETITIONER** | **Opinion Delivered:** December 20, 2018 |
| V. | |
| STATE OF ARKANSAS **RESPONDENT** | PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS; PRO SE MOTION FOR SANCTIONS TO BE PLACED UPON THE OFFICE OF THE ATTORNEY GENERAL FOR THE STATE OF ARKANSAS FOR VIOLATION OF RULE 11 OF THE ARKANSAS RULES OF APPELLATE PROCEDURE-CIVIL [PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION, NO. 60CR-98-3654] |
| | PETITION DENIED; MOTION FOR SANCTIONS DENIED. |

**COURTNEY HUDSON GOODSON, Associate Justice**

Pending before this court is petitioner Rodney Bunch's pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. Bunch's claims for coram nobis relief are based on allegations that his sentence was illegally enhanced because the prosecutor withheld evidence supporting his habitual-offender status in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Also pending is Bunch's pro se motion for sanctions to be placed upon the office of the attorney general.

Bunch was convicted of multiple counts of aggravated robbery in three trials arising from two separate cases docketed in the trial court as 60CR-98-3654 and 60CR-99-276. Bunch was charged in the first case docketed as 60CR-98-3654 with the aggravated robbery of Stephanie Springer Transue and was brought to trial in 1999, which resulted in a mistrial. Before this case was retried, Bunch was convicted of two counts of aggravated robbery in the case docketed as 60CR-99-276, which stemmed from the robbery of Head Waves Hair Salon.[1] Consequently, the prosecutor amended the felony information in case number 60CR-98-3654 to include a habitual-offender charge. In that case, Bunch was convicted of the aggravated robbery of Transue and was sentenced by the trial court as a habitual offender to life imprisonment pursuant to Arkansas Code Annotated section 5-4-501(d) (Repl. 1997).[2] On appeal, Bunch argued that section 5-4-501(d) was unconstitutional as applied to him. This court rejected the argument and affirmed the conviction and the enhanced sentence of life imprisonment. *Bunch v. State*, 344 Ark. 730, 43 S.W.3d 132 (2001). It is from this sentence that Bunch seeks coram nobis relief.

---

[1]Bunch was subsequently convicted of an additional four counts of aggravated robbery and one count of sexual abuse in a separate trial in case number 60CR-99-276, which stemmed from a separate robbery of Salon MDC. Bunch was again sentenced as a habitual offender and sentenced to life imprisonment. This court affirmed. *Bunch v. State*, 346 Ark. 33, 57 S.W.3d 124 (2001) (overruled by *Grillot v. State*, 353 Ark. 294, 107 S.W.3d 136 (2003), which clarified the standard of review used to analyze the trial court's ruling on the voluntariness of a confession).

[2]Section 5-4-501(d)(1)(A) mandates a life sentence if a defendant has been convicted of a violent Y felony such as aggravated robbery and has previously been convicted of two or more violent Y felonies. Because a life sentence was mandatory, it was not necessary to submit the determination of Bunch's sentence to the jury.

Shortly after this court had affirmed Bunch's conviction and life sentence, the Arkansas Court of Appeals affirmed Bunch's two previous convictions for aggravated robberies committed at Head Waves Hair Salon. *Bunch v. State*, CR-00-1035 (Ark. App. May 16, 2001) (unpublished).

Bunch fails to make sufficient allegations to warrant coram nobis relief, and because coram nobis relief is not an available remedy for the purpose of seeking a reduction in a sentence, we deny the petition to proceed in the trial court with a coram nobis petition. Furthermore, Bunch's pro se motion for sanctions pursuant to Rule 11 (2017) of the Arkansas Rules of Appellate Procedure –Civil, is wholly without merit. Appellate Rule 11 is applicable to civil appellate proceedings and a petition to reinvest jurisdiction in the trial court to consider a petition for a writ of error coram nobis is a criminal proceeding. *See Whitney v. State*, 2018 Ark. 138, *reh'g denied* (June 7, 2018) (the term "writ of error coram nobis" has been recognized in our common law for all motions for new trial in a criminal case). In any event, Bunch's allegations underlying his claim for sanctions fail to establish that the appellee's response was frivolous and lacked a reasonable legal or factual basis. *See Stilley v. Hubbs*, 344 Ark. 1, 40 S.W.3d 209 (2001). We therefore deny Bunch's pro se motion for sanctions.

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771. A writ of error coram nobis is an extraordinarily rare remedy. *Id.* Coram

3

nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Id.*; *Westerman v. State*, 2015 Ark. 69, 456 S.W.3d 374. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Roberts*, 2013 Ark. 56, 425 S.W.3d 771. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Id.*

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Id.*; *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

Bunch has raised a *Brady* claim, which comes within the purview of coram nobis relief. There are three elements of a *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. *Carner v. State*, 2018 Ark. 20, 535 S.W.3d 634 (citing *Strickler v. Greene*, 527 U.S. 263 (1999)). When determining whether a *Brady* violation has occurred, it must first be established by the petitioner that the material was available to the State prior to trial and that the defense did not have it. *Id.*

4

In his petition, Bunch challenges the validity of his enhanced sentence as a habitual offender resulting from his prior aggravated-robbery convictions in case number 60CR-99-276 wherein he was convicted of the aggravated robbery of Liz Kirk and Susan Kennedy and theft of property from Head Waves Hair Salon.[3] Consequently, he alleges entitlement to a reduction in his sentence rather than a new trial on the underlying conviction for the aggravated robbery of Transue in case number 60CR-98-3654. Bunch asserts that one of the two previous convictions relied on by the prosecutor to establish his habitual-offender status was invalid and contends that the prosecutor had withheld the judgment as well as the criminal information to conceal the invalidity of one of the two convictions.

Specifically, Bunch argues that there are inconsistencies between the information and judgment-and-commitment order with respect to the victims named in counts five, six, and seven of the information.[4] In any event, the two prior convictions were clearly valid.

_____

[3]Bunch had been charged in an information that contained thirty-eight criminal counts but was tried in case number 60CR99-276 for two counts of aggravated robbery as set forth in the information in counts five and six and one count of theft of property from Head Waves Salon as set forth in count seven of the information.

[4]Bunch's arguments regarding invalidity of his prior convictions for counts five through seven are unclear. It appears that Bunch is asserting that count seven which included the theft of property charge did not include the name of the victim. Bunch asserts that Chris Woodall was not listed in counts five through seven, but nevertheless testified. According to Bunch, Chris Woodall's testimony should have been excluded because he was not named in the information. However, the direct appeal record shows that Woodall was the owner of Head Waves. In addition, Bunch alleges that his conviction for the aggravated robbery of Susan Kennedy as set forth in count six was not supported by sufficient evidence in that Kennedy could not identify him as the perpetrator. Thus, Bunch maintains that his conviction for the robbery of Kennedy is invalid. However, Liz

5

*See Bunch*, CR-00-1035 (Ark. App. May 16, 2001) (affirming Bunch's convictions by a Pulaski County jury for two counts of aggravated robbery). There can be no doubt that Bunch's previous convictions were matters that were not unknown by the defense at the time he was sentenced as a habitual offender following his second trial for the aggravated robbery of Transue in case number 60CR-98-3654. Therefore, Bunch has failed to demonstrate that the prosecutor concealed material matters in violation of *Brady* that would have changed the outcome of his sentencing. *Carner*, 2018 Ark. 20, 535 S.W.3d 634. Nor has Bunch raised allegations establishing matters extrinsic to the record that would have prevented the imposition of his life sentence. *Roberts*, 2013 Ark. 56, 425 S.W.3d 771.

Furthermore, Bunch's allegation challenging his sentence and seeking a reduction in that sentence does not fit within the recognized bases for coram nobis relief and is not the proper remedy to challenge an allegedly illegal sentence. This court has previously addressed this issue in *Burks v. State*, 2009 Ark. 598, 359 S.W.3d 402, in which the State procured the cooperation of a witness by supporting the witness's petition for a writ of error coram nobis seeking a reduction in a sentence that had been previously imposed pursuant to a plea agreement. In *Burks*, the circuit court granted the coram nobis relief

___

Kirk listed as the victim in count five identified Bunch as the perpetrator and Chris Woodall also identified Bunch as the perpetrator. The judgment-and-commitment order shows that Bunch was convicted of two aggravated robbery charges for which he was sentenced to 240 months' imprisonment and that the theft of property conviction merged with the two aggravated robbery convictions.

6

and reduced the sentence after the witness had testified favorably for the State. *Id.* at 2, 359 S.W.3d at 405. Before the circuit court granted coram nobis relief, the defendant in *Burks* had moved to suppress the testimony because, among other things, cooperation was procured by a promise involving an illegal use of the writ of error coram nobis. *Id.* Despite the challenge to the improper use of the writ of error coram nobis, this court affirmed the circuit court's denial of the motion to suppress because the defendant's suppression motion did not represent a direct attack on the reduced sentence. *Id.* However, in a footnote, this court explained that "our court has repeatedly held that the grant of a writ of error coram nobis only affords one remedy—a new trial." *Id.* at 4 n.2, 359 S.W.3d at 406 n.2. Consequently, this court referred the prosecutor, the defense attorney, and the circuit judge to the Committee on Professional Conduct and the Judicial Discipline and Disability Commission because they had ignored clear precedent by using a writ of coram nobis as an improper means to reduce a sentence. *Id.* Accordingly, coram nobis is not an avenue through which a reduction in sentence can be obtained.

Petition denied; motion for sanctions denied.