Cite as 2020 Ark. 104

# SUPREME COURT OF ARKANSAS

No. CR–09–609

| | |
|---|---|
| HUTSON L. BURKS<br>PETITIONER | **Opinion Delivered** March 12, 2020 |
| V. | |
| STATE OF ARKANSAS<br>RESPONDENT | FOURTH PRO SE PETITION TO RECALL THE MANDATE TO REINVEST JURISDICTION IN THE CIRCUIT COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS [PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION, NO. 60CR-07-598] |
| | PETITION DENIED. |

**JOHN DAN KEMP, Chief Justice**

Petitioner Hutson L. Burks brings this fourth pro se petition to reinvest jurisdiction in the circuit court to consider a petition for writ of error coram nobis. Burks's claims primarily challenge the credibility of the witnesses at his trial and the sufficiency of the evidence and are not cognizable in coram nobis proceedings. Burks's claim with respect to the testimony of Emma Mickles was raised and considered on direct appeal and in previous petitions for coram nobis relief. Accordingly, we deny the petition.

## I. *Nature of the Writ*

The petition for leave to proceed in the circuit court is necessary because the circuit court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*,

341 Ark. 397, 17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

## II. *Grounds for the Writ*

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id*. A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. The burden is on the petitioner in the application for coram nobis relief to make a full disclosure of specific facts relied upon and not to merely state conclusions as to the nature of such facts. *McCullough v. State*, 2017 Ark. 292, 528 S.W.3d 833.

## III. *Background*

Burks was convicted in the Pulaski County Circuit Court of aggravated robbery and theft of property. The jury found him guilty of robbing at gunpoint two employees of Metropolitan National Bank in Little Rock as they were refilling the drive-through ATM.

2

Burks was sentenced to an aggregate term of 336 months' imprisonment. In his direct appeal, Burks alleged that the circuit court erred in denying his petition to suppress the testimony of Emma Mickles because the State had illegally secured her testimony by granting a reduction in her sentence. On review from the Arkansas Court of Appeals, this court rejected Burks's arguments for reversal and affirmed Burks's convictions and sentences. *Burks v. State*, 2009 Ark. 598, 359 S.W.3d 402.

In 2011, Burks filed his first petition for coram nobis relief and alleged, among other things, that the prosecutor used illegal means to secure Mickles's testimony. We denied the petition and concluded that issues surrounding Mickles's testimony were not unknown to the defense at the time of trial and on appeal. *Burks v. State*, 2011 Ark. 173 (per curiam). In his second petition for coram nobis relief, Burks contended that the two robbery victims gave false testimony. We denied the petition as the allegations were conclusory and unsubstantiated and did not state a ground for the writ. *Burks v. State*, 2013 Ark. 188 (per curiam). Burks's third petition for coram nobis relief was dismissed by per curiam order entered in July 2013 without a written opinion.

IV. *Grounds for Relief*

In this fourth coram nobis petition, Burks asserts his innocence and argues that his trial was defective because the testimony against him was fraudulent and obtained through bribery. While Burks alleges that all witness testimony against him was false, he focuses on Mickles's testimony and the promise of a reduced sentence in exchange for allegedly perjured testimony. Burks also challenges the sufficiency of the evidence, the alleged

misconduct of the prosecutor, and errors made by the circuit court in allowing the introduction of false testimony that was illegally obtained.

It is well settled that assertions of trial error are not within the purview of a coram nobis proceeding. *Key v. State*, 2019 Ark. 202, 575 S.W.3d 554. So too, challenges to the sufficiency of the evidence are not cognizable in a coram nobis proceeding. *Carner v. State*, 2018 Ark. 20, 535 S.W.3d 634. Here, Burks's claims for relief are not cognizable in coram nobis proceedings because he does not set forth matters that were extrinsic to the record. As stated above, the claim with respect to Mickles's testimony was raised at the time of trial and on appeal. In sum, Burks has failed to demonstrate a fundamental error of fact that was extrinsic to the record that would warrant issuance of the writ. *Roberts*, 2013 Ark. 56, 425 S.W.3d 771.

## V. *Abuse of the Writ*

In his first coram nobis petition, Burks challenged Mickles's testimony as false and the result of bribery. Reassertion of the same claims without sufficient facts to distinguish the claims from those raised in a previous coram nobis petition is an abuse of the writ. *Scott v. State*, 2019 Ark. 94, 571 S.W.3d 451. Burks has alleged no facts sufficient to distinguish the claim in the instant petition from the claim raised in the earlier petition. Accordingly, Burks has abused the writ with respect to this reasserted claim for relief pertaining to Mickles's testimony.

Petition denied.

*Hutson L. Burks*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.