Cite as 2020 Ark. 338

# SUPREME COURT OF ARKANSAS

No. CR-09-990

| | | | |
|---|---|---|---|
| CHARLES EDWARD JONES | PETITIONER | **Opinion Delivered:** October 22, 2020 | |
| V. | | PRO SE SECOND PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS; MOTION TO SHOW CAUSE | |
| STATE OF ARKANSAS | RESPONDENT | [PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION, NO. 60CR-08-1753] | |
| | | PETITION DENIED; MOTION TO SHOW CAUSE TREATED AS MOTION TO SUPPLEMENT PETITION TO REINVEST JURISDICTION AND DENIED. | |

**KAREN R. BAKER, Associate Justice**

Petitioner Charles Edward Jones was convicted by a Pulaski County Circuit Court jury of four counts of rape for which he was sentenced to four consecutive terms of 480 months' imprisonment in the Arkansas Department of Correction. The Arkansas Court of Appeals affirmed. *Jones v. State*, 2010 Ark. App. 324. Jones brings this pro se second petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis in which he contends that the prosecution withheld material evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and that facts were withheld regarding information obtained during the police investigation. Jones subsequently filed a motion "to show cause for coram nobis" in which he asserts additional bases for issuance of the writ. Because none of Jones's

claims establish a ground for the writ, the petition is denied. The motion to show cause is treated as a motion to supplement the petition to reinvest and denied.

## I. *Nature of the Writ*

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771. We are not required to accept the allegations in a petition for writ of error coram nobis at face value. *Jackson v. State*, 2017 Ark. 195, 520 S.W.3d 242.

## II. *Grounds for the Writ*

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a

third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

III. *Claims for Issuance of the Writ*

While a *Brady* violation comes within the purview of coram nobis relief, the fact that a petitioner alleges a *Brady* violation is not, in itself, sufficient to provide a basis for the writ. *Wallace v. State*, 2018 Ark. 164, 545 S.W.3d 767. It is a violation of *Brady*, and a ground for the writ, if the defense was prejudiced because the State wrongfully withheld evidence from the defense prior to trial. *Mosley v. State*, 2018 Ark. 152, 544 S.W.3d 55. The Court held in *Brady* that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. There are three elements of a *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. *Carner v. State*, 2018 Ark. 20, 535 S.W.3d 634.

A. Jurisdictional Question

In the petition, Jones contends that he has new evidence to present that was withheld to support a claim of "territorial jurisdiction." Specifically, he contends that the prosecution withheld evidence that disputes the jurisdiction of the trial court, pointing to attached exhibits that include the marriage license of his brother, Henry Lee Jones, to Jacqueline

3

Nash,[1] the mother of three of the victims. Although Jones's argument is conclusory, his exhibits appear to have handwritten notes indicating that his contention would be that because Jones and Nash, were not together in 1994, the victims could not have been raped in Arkansas during the time frames alleged in the criminal information. Jones fails to state a basis for issuance of the writ.

Jones has not demonstrated that the evidence was material nor that it was withheld. *Jones v. State*, 2019 Ark. 340, 588 S.W.3d 33. Jones was aware at the time of trial when and for how long Nash was married to his brother because Nash testified to that period of time and because Jones's own testimony reflected that knowledge.[2] Jones would have also known which state he resided in during the time period of the offenses—so that information was not withheld.[3] Jones fails to allege any specific facts to support his conclusory claim that the time frame of Nash's marriage was withheld. *Hunt v. State*, 2019 Ark. 299, 586 S.W.3d 599. A petitioner does not satisfy any ground for granting the writ when he does not present any

---

[1]Jacqueline Nash is also known as Jacqueline Nunn and Jacqueline Jones.

[2]This court may take judicial notice of the direct-appeal record lodged following Jones's conviction without need to supplement the record. *See Smith v. State*, 2017 Ark. 236, 523 S.W.3d 354.

[3]Jones previously challenged one of the victim's depositions, claiming it showed that the crimes occurred outside the court's jurisdiction, which this court determined was nothing more than an attempt to challenge the credibility of the victim's testimony at trial and that a question of the sufficiency of the evidence is not cognizable in a habeas proceeding. *See Jones v. Hobbs*, 2015 Ark. 251 (per curiam). Challenges to the credibility of a witness or the sufficiency of the evidence are not cognizable in a coram nobis proceeding. *Carner*, 2018 Ark. 20, 535 S.W.3d 634.

evidence extrinsic to the record that was hidden from the defense or that was unknown at the time of trial. *Scott v. State*, 2019 Ark. 94, 571 S.W.3d 451.

## B. Investigation by Police

Jones claims that information was withheld "by Investigative Police Det[ective] D. Kirby Wright of alleged count one that [Jones] was being investigate[d] by Det[ective] Chris Ganns[, her partner,] the same time in the same week." Jones references exhibits with handwritten notes. However, the argument and the exhibits do little to shed any light on the nature of Jones's argument apart from a reference to R.A., who testified at Jones's trial regarding an allegation of rape against Jones in a separate case.

Allegations that are too vague and lack the requisite factual support do not support issuance of the writ. *Alexander v. State*, 2019 Ark. 171, 575 S.W.3d 401. Jones's claim is unclear. However, giving latitude to his reference in the attached exhibits to R.A.—who testified about an occasion in which Jones played "spin the bottle" with her and "hunched" her—any question whether Jones was investigated regarding any rape of R.A. and its effect on his being charged and convicted of the rape of another victim is of no moment. Whether he was investigated or not was not evidence that was withheld from the defense, as Jones would have known whether he had been investigated for another rape or sex-related offense for which he either had or had not been charged. *See Joiner v. State*, 2020 Ark. 126, 596 S.W.3d 7 (evidence that petitioner alleged was withheld by investigator was evidence of which petitioner, as the defendant, would have had personal knowledge).

## C. Show Cause

In his motion to show cause, Jones seeks to add claims that the prosecution and police withheld evidence involving the concealment of exculpatory and impeaching information concerning the time and a date of the "visit on the medical material document about March 28th, 2007[,] and the confidential police report stating a different date of the offense on about February 20th, 2007[.]" As supporting documentation, Jones includes a portion of a patient educational form for one of the minor victims indicating she had a urinary tract infection, a supplemental report taken from the same victim, and an incident report made by a mandated reporter about the same victim. Jones specifically contends it is a violation of due process for this court to refuse to consider the above-noted evidence in assessing the trustworthiness of the declarant's report[4] and that the withholding of this information makes the key State witnesses[5] substantially less credible.

Jones raised essentially this claim in his first coram nobis petition that was found to be a conclusory claim made without further explanation. *Jones*, 2019 Ark. 340, 588 S.W.3d 33. Albeit, Jones utilizes additional documentation along with the patient educational form and now further elaborates that the use of the information would have affected the outcome of his trial in that it would have impacted the credibility of the witnesses. Jones's claim remains vague and lacks the requisite factual support to support issuance of the writ.

---

[4]Officer Don Maggard took the report from the victim, and whether Jones is referring to Officer Maggard or the victim as the declarant is unclear.

[5]Jones fails to identify which witnesses and fails to describe the nature of the testimony that would be rendered less credible.

*Alexander*, 2019 Ark. 171, 575 S.W.3d 401. Jones fails to establish that the evidence is material, i.e., the significance of the victim's urinary tract infection and how that correlates to his conclusory contention regarding a different offense date,[6] or that the information was withheld from the defense. Moreover, claims that attack the sufficiency of the evidence or the credibility of witnesses constitute a direct attack on the judgment and are not within the purview of a coram nobis proceeding. *See Joiner*, 2020 Ark. 126, 596 S.W.3d 7. Jones has failed to state sufficient allegations to satisfy issuance of the writ.

Petition denied; motion to show cause treated as motion to supplement petition to reinvest jurisdiction and denied.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** Mr. Jones's petition should be granted. Mr. Jones has clearly asserted grounds for the issuance of the writ--he asserts that the State withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

The evidence in question was the investigatory file developed by Little Rock detective Charles Gann, who Mr. Jones alleges was the partner of Detective Kirby Wright, the investigator of the cases that gave rise to the instant postconviction action. Gann investigated allegations that Mr. Jones had raped R.A. As the court should be aware from the opinion in the direct appeal, R.A. was a star witness in Mr. Jones's trial, although she was not one of the alleged victims. *Jones v. State*, 2010 Ark. App. 324. R.A. testified about inappropriate

---

[6]The patient educational form does not seem to reflect when the victim was seen and indicates only that the form was "printed on March 28, 2007."

contact that she had with Mr. Jones--as the majority recounts, R.A. "testified about an occasion in which Jones played 'spin the bottle' with her and 'hunched' her." *Id.* Although R.A. was only a witness in the trial, to prove penetration, medical evidence was presented that R.A. had contracted chlamydia even though there was no evidence that Mr. Jones similarly suffered from chlamydia. *Id.*

The majority disposes of Mr. Jones's *Brady* claim in this matter by finding "any question whether Jones was investigated regarding any rape of R.A. and its effect on his being charged and convicted of the rape of another victim is of no moment. Whether he was investigated or not was not evidence that was withheld from the defense, as Jones would have known whether he had been investigated for another rape or sex-related offense for which he either had or had not been charged." However, this is completely beside the point.

If the majority was truly giving "latitude" to Mr. Jones's petition, then it would not have overlooked the fact that Mr. Jones is asserting that Wright used Gann's investigation to bootstrap the case against Mr. Jones for the alleged rape of A.T., A.H., A.N., and J.N. I can find no record of R.A.'s rape allegations having gone to trial and appealed. Therefore, it is far from certain, and probably unlikely, that Mr. Jones's trial counsel would have had any knowledge of the content of the investigatory file regarding the allegations involving R.A. In my view, that is what is of "no moment" because the Supreme Court has held that there are times when the State has an affirmative duty to disclose evidence favorable to the accused. *Giles v. Maryland*, 386 U.S. 66 (1967). Apparently, that was not done in the case at bar, but, unlike the majority, I decline to speculate. This question can only be resolved by an

8

evidentiary hearing. I therefore would grant Mr. Jones's petition to reinvest jurisdiction in the trial court to address this issue.

I dissent.

*Charles E. Jones*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for respondent.