Cite as 2021 Ark. 195

# SUPREME COURT OF ARKANSAS
No. CR-13-122

| | |
|---|---|
| TIMOTHY ALLEN WELLS<br><br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br><br>RESPONDENT | **Opinion Delivered:** October 28, 2021<br><br>PRO SE PETITION FOR WRIT OF HABEAS CORPUS, PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS AND FOR OTHER RELIEF<br>[GARLAND COUNTY CIRCUIT COURT, NO. 26CR-10-468]<br><br><br>PETITIONS DENIED. |

**RHONDA K. WOOD, Associate Justice**

Petitioner Timothy Allen Wells was convicted of capital murder in furtherance of aggravated robbery and was sentenced to life imprisonment without parole. This court affirmed on direct appeal. *Wells v. State*, 2013 Ark. 389, 430 S.W.3d 65. Wells now petitions for writ of habeas corpus, to reinvest jurisdiction in the trial court to consider a writ of error coram nobis, and to recall the mandate. We deny all petitions.

## I. *Petition for Writ of Habeas Corpus*

In his petition for writ of habeas corpus, Wells contends that there was no proof of a robbery or an aggravated robbery to establish his conviction for capital murder. The habeas corpus statute allows this court coextensive power with circuit courts to issue the writ upon proper application. Ark. Code Ann. § 16-112-102(a)(1) (Repl. 2016). Still, this court's long-

standing rule is to require an incarcerated petitioner to file a habeas petition attacking his sentence in the circuit court in the county where he is incarcerated and then appeal any adverse decision to this court. *Mitchael v. State*, 2020 Ark. 336. Consequently, we deny Wells's petition for habeas relief.

## II. *Nature of the Writ of Error Coram Nobis*

Wells has five grounds on which he seeks to reinvest jurisdiction in the trial court for it to consider a writ of error coram nobis. Wells claims that the State (1) illegally obtained and coerced his confession; (2) improperly charged him by a felony information rather than an indictment; (3) violated his due-process and Fifth Amendment rights; (4) failed to give an accomplice-liability instruction; and (5) together with his defense counsel, was untruthful and failed to disclose evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). None succeed.

Once this court has affirmed a judgment, a trial court cannot consider a petition for writ of error coram nobis without our permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. We presume that the judgment of conviction is valid. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524. The writ's function is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition had the trial court known it and which, through no negligence or fault of the defendant, was unknown before the judgment. *Id.* The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced

guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

## A. Confession and Witness Testimony

Wells contends that the State used a coerced confession to support his conviction. Wells also contends that the State improperly used the uncorroborated testimony of the State's witnesses, Jason Smith and David Hughes. These claims fail because he cannot show either were unknown at the time of trial. A petitioner must present evidence extrinsic to the record that the State withheld from the defense or was unknown at the time of trial. *Jones v. State*, 2020 Ark. 338, 609 S.W.3d 375. Wells does not allege facts about his confession or the witness testimony that were unknown to him at the time of trial. *See Martinez-Marmol v. State*, 2018 Ark. 145, 544 S.W.3d 49.

## B. Felony Information

Wells also claims that he was improperly charged by felony information rather than an indictment. A criminal information is sufficient if it names the defendant, the offense charged, the statute under which the charge was made, the court, and the county where the alleged offense occurred, and if it sets forth the main language of the statute and the asserted facts constituting the offense. *Beard v. State*, 269 Ark. 16, 598 S.W.2d 72 (1980). This court has established that there is no constitutional right to be indicted by a grand jury and that Amendment 21 to the Arkansas Constitution, which permits indictment by information, is

constitutional. *See McClinton v. State*, 2018 Ark. 116, 542 S.W.3d 859; *see also Bennett v. State*, 307 Ark. 400, 821 S.W.2d 13 (1991). For those reasons, this claim also fails.

## C. Violation of Constitutional Rights

Next, Wells asserts that he suffered violations of his due-process and Fifth Amendment rights, which gives him the right to attack his case and "could even be question[ed] as subject-matter jurisdiction." These claims are conclusory and not supported by any specific argument or facts. We will not grant a writ when the allegations are too vague and lack the requisite factual support. *Jones*, 2020 Ark. 338, 609 S.W.3d 375.

## D. Accomplice-Liability Instruction

Wells adamantly argues that his conviction is insufficient because it stemmed from Smith's testimony. He contends Smith was an accomplice and thus Smith's testimony needed corroboration. He also finds fault with the trial court's lack of declaring Smith an accomplice. These are issues of possible trial error rather than grounds for the writ. *See, e.g.*, *Smith v. State*, 2020 Ark. 296. Also, Smith's accomplice status and the nature and extent of his testimony were facts known at the time of trial which also preclude relief. *Joiner v. State*, 2019 Ark. 279, 585 S.W.3d 161.

## E. *Brady* Violation

Finally, citing the Model Rules of Professional Conduct, Wells claims that the prosecutor and his trial counsel "act[ed] amongst themselves" to not challenge the fact that although the charge was capital murder, "they only raised" murder at trial. In other words, they agreed to not address an underlying felony or grounds for the "capital" charge. Wells

4

also claims he suffered *Brady* violations as "to all the so-called" evidence that "they claimed to have."

Merely alleging a *Brady* violation does not justify issuing the writ. *Wallace v. State*, 2018 Ark. 164, 545 S.W.3d 767. The petitioner must establish what specific evidence the State withheld. *McClinton v. State*, 2020 Ark. 153, 597 S.W.3d 647. Wells has no right to relief on this ground because he identifies no evidence withheld by the prosecutor. *Id.*; *see Everett v. State*, 2021 Ark. 113. The prosecutor's conduct was known to Wells and thus is not a claim appropriate for error coram nobis relief. *King v. State*, 2021 Ark. 84; *see Joiner*, 2019 Ark. 279, 585 S.W.3d 161. As for his claims against his defense counsel, they were either known at trial or allegations of ineffective assistance of counsel, neither of which support issuance of the writ. *Smith*, 2020 Ark. 408.

### III. *Recalling the Mandate*

Finally, Wells contends that this court should recall the mandate "due to various errors and constitutional violations having occurred." Wells, again, argues that it is not clear that a robbery occurred. Wells fails to meet the criteria to establish the extraordinary circumstances sufficient to recall the mandate.

Our standard to recall a mandate is set forth in *Nooner v. State*, 2014 Ark. 296, 438 S.W.3d 233. There are three factors the court considers for recalling a mandate: (1) a defect in the appellate process, (2) a dismissal in federal court because of unexhausted state-court claims, and (3) the appeal was a death case that required heightened scrutiny. *Robbins v. State*, 353 Ark. 556, 114 S.W.3d 217 (2003); *Lee v. State*, 367 Ark. 84, 88, 238 S.W.3d 52, 55

(2006). These factors are not necessarily to be strictly applied but serve as a guide in determining whether to recall a mandate. *Ward v. State*, 2015 Ark. 62, 455 S.W.3d 830.

Wells does not meet the criteria set forth in *Robbins* to establish extraordinary circumstances sufficient to recall the mandate. Most notably, his sentence is not death. *See Anderson v. Payne*, 2021 Ark. 53; *Ward*, 2015 Ark. 61, 455 S.W.3d 830. Wells also fails to show that this court overlooked an error during the appellate process that would have prejudiced the outcome of his case. For these reasons, we deny Wells's request to recall the mandate along with the other relief requested.

Petitions denied.

WOMACK, J., concurs without opinion.

*Timothy A. Wells*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for respondent.