Cite as 2022 Ark. 22

# SUPREME COURT OF ARKANSAS

**No.** CR-00-922

| | | |
|---|---|---|
| | | **Opinion Delivered:** February 10, 2022 |
| CARLOS MCFERRIN | PETITIONER | PRO SE SECOND PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS [MISSISSIPPI COUNTY CIRCUIT COURT, CHICKASAWBA DISTRICT, NO. 47BCR-99-333] |
| V. | | |
| STATE OF ARKANSAS | RESPONDENT | |
| | | PETITION DENIED. |

**KAREN R. BAKER, Associate Justice**

Petitioner Carlos McFerrin was found guilty by a Mississippi County jury of capital murder and sentenced to life imprisonment without parole. McFerrin appealed, and we affirmed. *McFerrin v. State*, 344 Ark. 671, 42 S.W.3d 529 (2001). McFerrin brings this pro se second petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis in which he contends evidence was withheld in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); there was insufficient evidence supporting his conviction and sentence; and he was subject to a double-jeopardy violation. In furthering his claims, McFerrin contends that he is entitled other relief in the form of habeas relief. Because none of McFerrin's claims establish a ground for any of the requested relief, the petition is denied.

I. *Background*

McFerrin's convictions arose in connection with the death of Robert Branscum, the owner of Quality Liquor Store in Blytheville, Arkansas. On the night of the murder,

evidence introduced at trial adduced that approximately $10,000 in cash and checks was missing from the store. A nearby business owner heard gunshots around 1:00 a.m. Sometime between 1:00 a.m. and 2:00 a.m., McFerrin and Andrew Ross went to the home of Ross's aunt and asked if she could take Ross to seek medical attention because he had a gunshot wound to his groin that he had received when he "got caught in the crossfire." At the hospital, emergency-room attendants noticed that Ross had a ski mask in his pants leg, and when Ross's aunt asked McFerrin about it, he stated that Ross "should have checked himself." McFerrin went to his sister's house at approximately 3:00 a.m., and Branscum's body was discovered at about 6:00 a.m. By that time, McFerrin had gone to Roy Green's house.

Green testified that McFerrin had told him that McFerrin and Ross had "hit a lick." McFerrin, Green, and two others left Green's house, at which time McFerrin purchased beer for everyone, and when the group returned to McFerrin's residence—his sister's house—the residence was surrounded by police. McFerrin told Green to keep going, but the police stopped the car and arrested McFerrin and discovered $1,400 in cash on the floorboard by the seat where McFerrin had been sitting. The search of McFerrin's sister's house revealed an additional $1,217 hidden under a mattress. McFerrin also made a statement to police regarding certain items of evidence, including the location of two firearms that were later linked to the crime.

In his direct appeal, McFerrin argued that the trial court erred by denying his directed-verdict motion; the trial court erred by denying his motion to suppress evidence of money seized during a warrantless search of his sister's home; the trial court abused its

discretion by admitting evidence of $1,400 in cash retrieved from under the backseat floorboard of Roy Green's car near where McFerrin had been sitting before he was arrested; and that the trial court erred by admitting the testimony of Greg Hayward, McFerrin's former jail cellmate. This court determined that McFerrin's claims that the circumstantial evidence introduced at trial was insufficient to sustain his conviction were meritless, finding the State's evidence was sufficient to exclude McFerrin's theory that he was an innocent bystander who merely accepted cash from Ross and knew the location of two guns linked to the robbery and murder without having participated in the crime. *McFerrin*, 344 Ark. 671, 42 S.W.3d 529. Regarding McFerrin's argument on direct appeal that the search of his sister's house was without reasonable grounds, this court noted that McFerrin raised the argument for the first time on appeal. *Id*. With respect to the issue of McFerrin's consent to the search of his sister's house, we noted that McFerrin was a parolee subject to search pursuant to the signed parole-release form. *Id*. Notably, McFerrin's sister had also given the parole officer prior consent to search when she was informed that if she allowed McFerrin to live in her home, it would be subject to search—a condition McFerrin's sister agreed to herself. *Id*. This court also determined that the trial court's denial of McFerrin's motion in limine was proper particularly in light of the fact that McFerrin's possession of approximately $2,600 within hours of the robbery and his lack of employment tended to make McFerrin's guilt more probable than it would be without its admission. *Id*. McFerrin failed to demonstrate any error from the trial court's admission of Hayward's testimony because Hayward never testified regarding the contents of an unidentified document and, in fact, testified that McFerrin never discussed the crime with him. *Id*.

In his first petition to reinvest jurisdiction in the trial court to consider a writ of error coram nobis, McFerrin argued that the prosecution did not inform the defense that a deal had been made with Hayward for Hayward's testimony that McFerrin had told him about the robbery and murder. *McFerrin v. State*, 2012 Ark. 305 (per curiam). This court found that McFerrin failed to show that there was a hidden deal to induce Hayward to testify and that from an examination of the record, Hayward's testimony was favorable to the defense, rendering McFerrin's claim of prejudice meritless. *Id.*

## II. *Nature of the Writ of Error Coram Nobis*

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771. We are not required to accept the allegations in a petition for writ of error coram nobis at face value. *Jackson v. State*, 2017 Ark. 195, 520 S.W.3d 242.

## III. *Grounds for the Writ of Error Coram Nobis*

4

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

IV. *Claims for Issuance of the Writ*

A. Abuse of the Writ

McFerrin contends that the State and the trial court not only permitted the admission of illegally obtained evidence and testimony but also failed to inform him that Greg Hayward was going to testify. In furthering this claim, McFerrin also references "witness bribery." McFerrin fails to establish a ground for coram nobis relief.

Regarding his claim of "witness bribery," McFerrin essentially raised that claim as his sole ground for relief in his first petition to reinvest in which he argued that the State failed to inform the defense that the State had made a deal with Hayward for his testimony that McFerrin told him about the robbery and murder. *See McFerrin*, 2012 Ark. 305. Reassertion of the same claim without sufficient facts to distinguish the claim from those raised in a previous coram nobis petition is an abuse of the writ. *Burks v. State*, 2020 Ark. 104, 594 S.W.3d 89. Accordingly, McFerrin has abused the writ with respect to the reasserted claim for relief pertaining to any arrangement regarding Hayward's testimony.

5

## B. *Brady* Violation

While a *Brady* violation comes within the purview of coram nobis relief, the fact that a petitioner alleges a *Brady* violation is not in itself sufficient to provide a basis for the writ. *Wallace v. State*, 2018 Ark. 164, 545 S.W.3d 767. It is a violation of *Brady* and a ground for the writ if the defense was prejudiced because the State wrongfully withheld evidence from the defense prior to trial. *Mosley v. State*, 2018 Ark. 152, 544 S.W.3d 55. The Court held in *Brady* that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. There are three elements of a *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. *Carner v. State*, 2018 Ark. 20, 535 S.W.3d 634.

McFerrin claims that he was unaware that the State would call Hayward to testify and "how the State was going to use the illegally-obtained money that came from petitioner's sister's house" and contends that the lack of such information qualifies as a *Brady* violation.[1] Bearing in mind that a *Brady* violation occurs when the State wrongfully withholds evidence from the defense prior to trial, McFerrin's argument ignores the fact

---

[1] Regarding McFerrin's argument that the State did not disclose how it would utilize the money obtained from his sister's residence, a pretrial disclosure of the State's theory of the case is clearly not encompassed by the protections afforded by *Brady*.

that Hayward actually testified at trial and that McFerrin had previously challenged the nature of Hayward's testimony at trial.[2] *See McFerrin*, 344 Ark. 671, 42 S.W.3d 529.

A petitioner does not satisfy any ground for granting the writ when he does not present any evidence extrinsic to the record that was hidden from the defense or unknown at the time of trial. *Jones v. State*, 2020 Ark. 338, 609 S.W.3d 375. Although McFerrin claims he was unaware that Hayward *would* testify, the fact that Hayward *did* testify at trial is not extrinsic to the record. Moreover, as the record reveals—and this court has observed— Hayward's testimony was favorable to the defense, and Hayward denied that McFerrin told him anything about the murder or robbery. *See McFerrin*, 2012 Ark. 305. The evidence in question was not suppressed by the State because Hayward clearly testified at trial. *See Carner*, 2018 Ark. 20, 535 S.W.3d 634.

To the extent McFerrin's claim can be construed as one of prosecutorial misconduct, again, the argument would fail since allegations of prosecutorial misconduct regarding witness testimony could have been raised at trial and are not allegations of material evidence withheld by the prosecutor. *Martinez-Marmol v. State*, 2018 Ark. 145, 544 S.W.3d 49. Furthermore, McFerrin's argument regarding the substance of Hayward's testimony is nothing more than an attack on the accuracy of Hayward's testimony, and claims that attack the sufficiency of the evidence or the credibility of the witness constitute a direct attack on the judgment and are not within the purview of a coram nobis proceeding. *Joiner v. State*, 2020 Ark. 126, 596 S.W.3d 7.

---

[2]This court may take judicial notice in postconviction proceedings of the record on direct appeal without need to supplement the record. *Williams v. State*, 2019 Ark. 289, 586 S.W.3d 148.

## C. Sufficiency of the Evidence

McFerrin raises several claims regarding due-process violations, alleging the State did not present sufficient evidence to charge him with capital murder or any form of homicide. In making this argument, McFerrin contends that the State failed to prove actual or constructive possession of any alleged contraband and that he was prejudiced by the introduction of illegally seized evidence obtained without consent to search. McFerrin's arguments fail to state a claim for coram nobis relief.

A petitioner does not satisfy any ground for granting the writ when he does not present any evidence extrinsic to the record that was hidden from the defense or that was unknown at the time of trial. *Jones*, 2020 Ark. 338, 609 S.W.3d 375. McFerrin does not contend that the seized evidence was withheld, which arguably would state a cognizable claim for coram nobis relief. Rather, McFerrin's claim focuses on the weight and sufficiency of the State's evidence against him at trial. Claims that attack the sufficiency of the evidence constitute a direct attack on the judgment and are not within the purview of a coram nobis proceeding. *Id*.; *Joiner*, 2020 Ark. 126, 596 S.W.3d 7.

## D. Double-Jeopardy Violation

McFerrin contends that not only is he innocent but also that he has been victimized due to a violation of the constitutional provision against double jeopardy because he was convicted of both capital murder and aggravated robbery. McFerrin's argument is—at best—misplaced, and he fails to establish he would be entitled to coram nobis relief.

Although McFerrin claims he was subjected to a double-jeopardy violation, McFerrin was convicted of capital murder. Notably, McFerrin has no associated conviction

for aggravated robbery to support his contention that he is subject to a double-jeopardy violation for having been convicted of both capital murder and aggravated robbery. Notwithstanding the lack of an aggravated-robbery conviction, double-jeopardy claims do not fall within any of the four categories of recognized claims in coram nobis proceedings. *Pelletier v. State*, 2015 Ark. 432, 474 S.W.3d 500.

V. *Petition for Writ of Habeas Corpus*

McFerrin vaguely contends that he is entitled to habeas corpus relief in conjunction with the claims he raises for coram nobis relief. The habeas corpus statute allows members of this court to issue the writ upon proper application and further provides that the power of this court to issue writs of habeas corpus shall be coextensive with the circuit courts. Ark. Code Ann. § 16-112-102(a)(1) (Repl. 2016). However, this court can require such petitions to be filed first in the circuit court rather than directly in this court. *Mitchael v. State*, 2020 Ark. 336. This court's long-standing policy has been to require that incarcerated petitioners address their habeas petitions to the circuit court because the circuit court is able to immediately hold any hearing that is necessary to determine any material facts in issue. *Id.* Consequently, McFerrin must first file his petition for a writ of habeas corpus in the circuit court in the county where he is incarcerated and may appeal any adverse decision to this court.

Petition denied.

*Carlos McFerrin*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for respondent.

9