Cite as 2022 Ark. 116

# SUPREME COURT OF ARKANSAS

No. CR-20-741

| | |
|---|---|
| CHARLES NEIL RANDLE<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered: June 2, 2022<br><br>PRO SE APPEAL FROM THE PHILLIPS COUNTY CIRCUIT COURT<br>[NO. 54CR-14-67]<br><br>HONORABLE RICHARD L. PROCTOR, JUDGE<br><br>REVERSED AND REMANDED. |

**JOHN DAN KEMP, Chief Justice**

Appellant Charles Neil Randle appeals an order denying a petition for leave to proceed in forma pauperis to pursue a pro se petition for writ of error coram nobis. For reversal, Randle contends that the circuit court abused its discretion in denying his request to proceed in forma pauperis when he also filed a coram nobis petition. We reverse the circuit court's denial of Randle's petition to proceed in forma pauperis and remand the matter to the circuit court.

## I. *Facts*

According to the February 22, 2017 sentencing order, Randle negotiated a plea of guilty to possession of cocaine with the purpose to deliver and first-degree battery for which he was sentenced to an aggregate term of 144 months' imprisonment and 60 months'

suspended imposition of sentence.[1] On May 28, 2019, Randle filed a petition for leave to proceed in forma pauperis, an affidavit in support of his request to proceed in forma pauperis, and a pro se petition for writ of error coram nobis and/or to vacate judgment. On June 13, 2019, the circuit court entered an order denying Randle's petition for leave to proceed in forma pauperis without explanation and ordered the Phillips County Circuit Clerk not to accept and file the pleadings without requiring the payment of fees or costs. Randle timely filed his notice of appeal.

## II. *In Forma Pauperis Status in Criminal Proceedings*

On appeal, Randle contends that the circuit court abused its discretion and acted arbitrarily by denying his request to proceed in forma pauperis when he had filed his coram nobis petition in proper form and substance. In his coram nobis petition, he sought to establish that a different verdict would have resulted because his plea was coerced and that evidence had been withheld. He further contends that the circuit court gave no "viability" that would justify its denial of Randle's request to proceed in forma pauperis when a "colorable petition" was the subject of such a request.

Our standard of review of a decision to grant or deny a petition to proceed in forma pauperis is abuse of discretion, and the circuit court's findings will not be reversed unless clearly erroneous. *Berger v. Bryant*, 2020 Ark. 157, at 2, 598 S.W.3d 36, 38. An abuse of

---

[1]The State nolle prossed the charges of aggravated assault and simultaneous possession of a firearm and a controlled substance.

discretion occurs when the court acts arbitrarily or groundlessly. *Rea v. Kelley*, 2019 Ark. 339, at 2, 588 S.W.3d 715, 717.

Randle filed a petition for writ of error coram nobis, and such a proceeding is a criminal matter—not civil. *See Whitney v. State*, 2018 Ark. 138, at 3 (noting that "[t]he term 'writ of error coram nobis' has been recognized . . . for all motions for new trial in a criminal case"); *see also Bunch v. State*, 2018 Ark. 379, at 3, 563 S.W.3d 552, 555 (stating a petition to reinvest jurisdiction in the circuit court to consider a petition for writ of error coram nobis is a criminal proceeding).

Further, in determining the indigency of a defendant, this court has considered indigency on a case-by-case basis. *Burmingham v. State*, 342 Ark. 95, 101, 27 S.W.3d 351, 355 (2000). In *French v. State*, 2019 Ark 388, 589 S.W.3d 373, French filed an in forma pauperis petition to proceed with a pro se petition for writ of error coram nobis, motion for appointment of counsel, and petition for writ of error coram nobis. *Id.* at 1, 589 S.W.3d at 374. But the circuit court in *French* addressed the underlying merits of the coram nobis petition by dismissing the above-noted petitions on the merits for failure to state a basis for coram nobis relief. *Id.* at 6, 589 S.W.3d at 377. We affirmed the circuit court's ruling. *Id.*, 589 S.W.3d at 377.

Here, Randle filed a coram nobis petition with his petition for leave to proceed in forma pauperis. Under these circumstances, the circuit court should have addressed the merits of the underlying pro se petition for writ of error coram nobis, but it did not do so. Thus, we conclude that the circuit court abused its discretion in denying Randle's request to

proceed in forma pauperis in the underlying criminal proceeding. Accordingly, we reverse the circuit court's order denying Randle's petition for leave to proceed in forma pauperis and remand the matter to the circuit court for a finding on the merits on his error coram nobis petition.

Reversed and remanded.

WOOD, J., dissents without opinion.

*Charles N. Randall*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jacob H. Jones*, Ass't Att'y Gen., for appellee.