Kevin BARNETT *v.* STATE of Arkansas

96-1501                                    942 S.W.2d 860

Supreme Court of Arkansas
Opinion delivered April 28, 1997

*William R. Simpson, Jr.*, Public Defender, by: *Russell Byrne*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. In 1992, appellant Kevin Barnett was charged with breaking or entering, theft, and a class A misdemeanor. After being evaluated and diagnosed as suffering from schizophrenia, the State agreed that it would be in the best interest of justice that Barnett be acquitted. In accordance with Sections 3 and 4 of Act 911 of 1989 [now Ark. Code Ann. §§ 5-2-314 and – 315 (Supp. 1995)], Barnett was committed to the care and custody of the Director of Human Services for treatment and evaluation. Barnett's case was also transferred to the Probate Court of the Sixth Judicial District for future hearings. *See* Ark. Code Ann. § 16-13-1003 (Supp. 1995). In August of 1992, Barnett was found still affected by mental disease or defect, but not a present risk of harm to himself or to the person and property of others. As a consequence, the probate judge entered an order conditionally releasing Barnett to the custody of the North Arkansas Human Services System for further treatment for a period of five years. *See* Ark. Code Ann. § 5-2-316(b) (Repl. 1993).

During his period of treatment with the North Arkansas Human Services System, Barnett incurred charges of disorderly conduct, loitering, and aggravated assault, which prompted the State, on April 23, 1993, to move for the revocation of his earlier conditional release. On April 30, 1993, the probate court granted the State's motion and returned him to the custody of DHS. He was detained at the Arkansas State Hospital. Barnett eloped from the Hospital, but was returned on December 6, 1994. Upon his return, Barnett was retested, and as a result, DHS changed its earlier diagnosis of schizophrenia to polysubstance abuse and borderline intellectual functioning. Afterwards, Barnett was placed in drug treatment centers. DHS eventually asked that Barnett be conditionally released to the Hoover House in Little Rock, and on October 4, 1996, the probate court, over Barnett's objections, granted DHS's request. Barnett urged the probate court to dis-

charge him from any further treatment, since his diagnosis had changed. We uphold the probate court's decision.

Pursuant to §§ 5-2-314 and -315, the probate court held a hearing concerning whether Barnett should be discharged or conditionally released, and after the hearing it found by clear and convincing evidence that Barnett had recovered from his mental disease or defect to such an extent that his conditional release would be in the best interest of both the State and Barnett. It further found that Barnett would not pose a risk of harm to himself or to the person or property of others. *See* §§ 5-2-315(a)(2)(C)(ii) and 5-2-314(e). Additionally, the court concluded that Barnett currently was not exhibiting evidence of psychosis and his mental illness was responding to medication and other therapy.

Barnett claims the probate court erred in proceeding under §§ 5-2-314 and -315 because he is no longer suffering from a psychological mental disease or defect. He suggests the civil commitment statutes, Ark. Code Ann. §§ 20-47-201 -228 (Repl. 1991 and Supp. 1995) should apply, and under those statutes his new diagnosis is not an impairment and is excluded under the definition of mental illness. *See* § 20-47-202(j)(1) and (2). Barnett is mistaken.

■ In his argument, Barnett quotes Dr. Tom Kramer, staff psychiatrist for the State Hospital, as saying, "Barnett no longer suffers from mental disease or defect." This is a misquote. Kramer was actually asked, "Is he (Barnett) suffering from any psychological mental disease or defect that you're aware of *other than this borderline intellectual functioning*?", to which Kramer answered, "No." Kramer further testified, "Borderline intellectual functioning is classified as a mental defect." *See also* DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS 684 (4th ed. 1994). Barnett offered no evidence to contradict Kramer's opinion. Consequently, we hold the probate court's findings are clearly supported by the evidence, and its order granting the State's motion for Barnett's conditional release should be affirmed.