SLIP OPINION

Cite as 2015 Ark. 161

# SUPREME COURT OF ARKANSAS

No. CR-14-1060

| | |
|---|---|
| EDMOND McCLINTON<br>**PETITIONER**<br><br>V.<br><br>STATE OF ARKANSAS<br>**RESPONDENT** | Opinion Delivered April 9, 2015<br><br>PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS [JEFFERSON COUNTY CIRCUIT COURT, NO. 35CR-12-106]<br><br>HONORABLE BERLIN JONES, JUDGE<br><br>PETITION DENIED. |

**PER CURIAM**

In 2014, petitioner Edmond McClinton was found guilty of rape in the Jefferson County Circuit Court, and he was sentenced to life imprisonment. Counsel for petitioner timely filed an appeal from that verdict, and the appeal remains pending before this court. Petitioner has now filed a pro se petition asking that this court reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis.[1] Because petitioner has failed to show that the writ is warranted, the petition is denied.

The filing of the transcript in an appellate court deprives a trial court of jurisdiction. *Green v. State*, 2011 Ark. 134 (per curiam). Thus, a petition to reinvest jurisdiction is necessary after the transcript has been lodged on appeal because a circuit court can entertain a petition for writ of error coram nobis only after this court grants permission. *Id.* This court will grant such

---

[1]For clerical purposes, the instant motion was assigned the same docket number as the pending direct appeal.

permission only when it appears the proposed attack on the judgment is meritorious. *Echols v. State*, 354 Ark. 414, 418, 125 S.W.3d 153, 156 (2003). In making such a determination, we look to the reasonableness of the allegations of the petition and to the existence of the probability of the truth thereof. *Id.*

A writ of error coram nobis is an extraordinarily rare remedy, more known for its denial than its approval. *Cromeans v. State*, 2013 Ark. 273; *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *McDaniels v. State*, 2012 Ark. 465 (per curiam). We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or a third-party confession to the crime during the time between conviction and appeal. *Cromeans*, 2013 Ark. 273; *Pitts v. State*, 336 Ark. 580, 986 S.W.2d 407 (1999) (per curiam).

The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. *McFerrin v. State*, 2012 Ark. 305 (per curiam); *Cloird v. State*, 2011 Ark. 303 (per curiam). The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Williams v. State*, 2011 Ark. 541 (per curiam). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771; *Carter v. State*, 2012 Ark. 186 (per curiam); *Penn v. State*, 282 Ark.

SLIP OPINION

571, 670 S.W.2d 426 (1984) (citing *Troglin v. State*, 257 Ark. 644, 519 S.W.2d 740 (1975)).

Petitioner alleges that he is entitled to coram-nobis relief because the trial court rather than the jury fixed his punishment; the trial court failed to rule on a number of defense motions; he was denied a prompt first appearance, arrest warrant, preliminary hearing, grand jury, and arraignment; his conviction violated Arkansas law, and he was not afforded a fair trial; corpus delicti was not established, and probable cause was not examined by the trial court. We find no ground for the issuance of a writ of error coram nobis. As stated, a writ of error coram nobis is an extraordinary remedy that is available only where there is an error of fact extrinsic to the record that could not have been raised in the trial court. It is evident on the face of the petition that the alleged grounds for relief could easily have been discerned at the time of the proceedings and raised in the trial court; that is, none of the allegations of error was such that it could not have been settled at trial.

Petition denied.