SLIP OPINION

Cite as 2015 Ark. 405

# SUPREME COURT OF ARKANSAS

No. CR–14–580

| | |
|---|---|
| KOU HER<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** November 5, 2015<br><br>APPEAL FROM THE JOHNSON COUNTY CIRCUIT COURT [NO. CR–2013-77]<br><br>HONORABLE WILLIAM M. PEARSON, JUDGE<br><br><u>AFFIRMED; MOTION TO WITHDRAW GRANTED</u>. |

**KAREN R. BAKER, Associate Justice**

On December 12, 2013, a Johnson County jury found appellant, Kou Her, guilty of first-degree murder, aggravated residential burglary, attempted kidnapping, first-degree battery, and aggravated assault. Her was sentenced to two terms of life imprisonment; thirty years of imprisonment; fifteen years' imprisonment; and two years' imprisonment to run consecutively. Her timely appealed. Because Her received a sentence of life imprisonment, our jurisdiction is pursuant to Arkansas Supreme Court Rule 1–2(a)(2) (2015).

After the parties had filed their respective briefs, including Her's pro se points on appeal, we ordered rebriefing on March 5, 2015, and again on June 18, 2015. On July 6, 2015, Her's counsel filed his supplemental no-merit brief and his third motion to withdraw

as counsel.[1] *Anders v. California*, 386 U.S. 738 (1967). In accordance with Ark. Sup. Ct. Rule 4–3(k)(2), the clerk of this court furnished Her with a copy of the no-merit briefs. Her and the State each elected to stand on the briefs previously filed in this matter. Having reviewed the record, briefs, and pro se points, we affirm the convictions and grant counsel's motion to withdraw.

## I. *Facts*

The facts related to this appeal are as follows. The Xiong family, originally from Taiwan, resided in Hartman, Arkansas, in Johnson County. The family included Jee Xiong, his wife, Chue Xiong; their son, Alex Xiong; their daughter, Susan Xiong; their fourteen-year-old daughter L.X., and their six-year old granddaughter, A.V. Her is Jee and Chue Xiong's nephew; he lived with the Xiongs for several months until his family moved to Arkansas from Philadelphia. According to testimony at trial, Her would often return to the Xiongs' home to visit and use their computer after he had moved out of the Xiong home.

The testimony at trial indicated that on the evening of May 9, 2013, without permission, Her entered the Xiong home with the plan to kidnap L.X., and trade her for sex. During Her's attempt to kidnap L.X., A.V. was sleeping in a bed with L.X. A.V. was stabbed in the head and died as a result of her injuries. L.X. also sustained injuries from the attack. Finally, in an effort to defend L.X. and A.V., Jee and Alex were also attacked and sustained injuries.

---

[1]On July 23, 2015, we passed on Her's counsel's motion to withdraw until resolution of this matter.

Law enforcement testified that upon their arrival, they used a taser gun to prevent Her from escaping when Her tried to do so and took Her into custody. Further, law enforcement testified that, upon securing the scene, the window of A.V.'s playroom was open, and a bucket was underneath the window outside the home. Law enforcement testified about the bloody crime scene and locating scissors, gloves, duct tape, a towel with a chemical smell, and a cell phone. Law enforcement also testified that Her's vehicle was towed and searched. The search revealed that the vehicle had black trash bags dropped over the back seats, and officers located a backpack with trash bags, duct tape, a knife, Fast Orange hand cleaner, a clear, jellied fluid in a Ziploc bag, bottled water, isopropyl alcohol, gloves, paper towels, a camera, electrical tape, and nylon rope.

At trial, over defense counsel's objection, Her testified that he owed a man named Stitch $6,000 from a drug deal several years before in Philadelphia. Her testified that, to satisfy the debt, he offered the man a 14-year-old virgin in exchange for forgiveness of the debt. The jury convicted Her as set forth above, and this appeal followed.

Her's counsel has outlined each adverse ruling and adequately explained why none presents a ground for reversal. Additionally, counsel has pointed out that in light of Her's testimony, which amounted to a confession of all charges, the eye-witness testimony, and the testimony of law enforcement regarding collection of evidence, the jury came to a conclusion without resorting to speculation or conjecture. Accordingly, counsel has outlined each adverse ruling and adequately explained why none presents a ground for reversal. Having carefully reviewed the record, we agree with counsel that none of the rulings adverse to Her

present grounds for reversal.

*Her's Pro Se Points on Appeal*

Finally, Her's pro se points offer no ground for reversal. In his pro se brief, Her submitted a pro se response, setting forth six issues he believed warranted a reversal of his conviction: (1) Her's counsel did not fully represent Her to the best of his ability before the jury; (2) Her's counsel failed to request a change of venue; (3) Her's counsel failed to bring all relevant material "that has an overall" bearing on the case and things were hidden from Her; (4) evidence, such as fingerprints, were not found at the crime scene and no ACIC or NCIC checks were made; (5) the circuit court did not give the jury clear instructions regarding sentencing, resulting in a harsh sentence; and (6) Her moves the court to grant his Notice of Appeal in that Justice may be served.

Her's first three claims involve ineffective assistance of counsel. A claim of ineffective assistance of counsel is appropriate on direct appeal only when it is raised before the circuit court, and the facts and circumstances surrounding the claim have been fully developed at the trial level. *Guevara v. State*, 2012 Ark. 351. Here, Her did not make these claims below; therefore, we cannot address them here on direct appeal.

For his fourth claim, Her contends that fingerprints were not found at the crime scene. However, the record demonstrates that Wes Sossaman, an analyst with the Arkansas State Crime Lab, testified that a plastic bag found in Her's car and a known fingerprint of Her's were compared, and the fingerprint on the bag matched Her's. Her did not object at trial and did not object to the introduction of this evidence. A party who does not object

to the introduction of evidence at the first opportunity waives such argument on appeal. *See Perry v. State*, 2014 Ark. 406, at 1. Thus, Her's failure to object to this testimony and evidence bars this court from considering this argument on appeal.

For his fifth point on appeal, Her claims that the sentencing instructions were not clear and that his sentence is too harsh. However, Her did not object to his sentence or present this argument at trial. We will not consider an argument contesting the sentence if the appellant, even though present during the sentencing phase, failed to voice to the trial court his objection to the sentence. *Barnett v. State*, 328 Ark. 246, 943 S.W.2d 571 (1997). We do not consider an argument challenging a sentence if the appellant fails to object to it.

Her's sixth and final claim moves this court to "grant his Notice of Appeal in that Justice may be served." Having carefully reviewed the record, we find no merit in Her's sixth pro se claim.

As required under Ark. Sup. Ct. R. 4–3(i), the record has been examined for all objections, motions, and requests made by either party that were decided adversely to appellant, and no prejudicial error has been found.

Affirmed; motion to withdraw granted.

*John C. Burnett*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.