Cite as 2020 Ark. 11

# SUPREME COURT OF ARKANSAS
No. CR-10-6

| | |
|---|---|
| DANNY RAY HENINGTON<br>PETITIONER | **Opinion Delivered** January 16, 2020 |
| V. | |
| STATE OF ARKANSAS<br>RESPONDENT | PRO SE THIRD PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS [BENTON COUNTY CIRCUIT COURT, NO. 04CR-07-1672] |
| | PETITION DENIED. |

**JOHN DAN KEMP, Chief Justice**

Petitioner Danny Ray Henington brings this third pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. In the petition, Henington primarily alleges that prejudicial testimony provided by the State's expert witness was admitted at trial without objection from counsel or an admonishment from the trial court. Henington contends that the errors of trial counsel and the trial court in the admission of this testimony deprived him of due process. Because Henington's claims are not cognizable in coram nobis proceedings, we deny his petition to reinvest jurisdiction in the trial court to consider a petition for a writ of error coram nobis.

## I. *Nature of the Writ*

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on

appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

II. *Grounds for the Writ*

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id*. A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. The burden is on the petitioner in the application for coram nobis relief to make a full disclosure of specific facts relied on and not to merely state conclusions as to the nature of such facts. *McCullough v. State*, 2017 Ark. 292, 528 S.W.3d 833.

2

III. *Background*

Henington was convicted by a jury in 2009 of raping a five-year-old girl in 2007 and sentenced to 432 months' imprisonment. The Arkansas Court of Appeals affirmed the conviction and sentence. *Henington v. State*, 2010 Ark. App. 619, 378 S.W.3d 196.

In 2016, Henington filed in this court his first petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. The principal claims in the petition pertained to the admission at trial of the victim's pretrial statement and the admission of testimony from a witness who described a similar assault by Henington under Rule 404(b) of the Arkansas Rules of Evidence. We declined to grant the petition because Henington's allegations did not state a claim for coram nobis relief. *Henington v. State*, 2017 Ark. 111, 515 S.W.3d 577. In 2018, Henington filed a second coram nobis petition alleging that evidence capable of impeaching the credibility of the testimony of the Rule 404(b) witness was withheld in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Henington again alleged that the trial court made errors in the admission of evidence at trial. We denied this petition, finding that Henington had not established a *Brady* violation, that his additional claims were not cognizable in coram nobis proceedings, and that he had failed to act with due diligence. *Henington v. State*, 2018 Ark. 279, 556 S.W.3d 518.

IV. *Grounds for Relief*

In this third coram nobis petition, Henington claims that on cross-examination by Henington's trial counsel, testimony was elicited from the State's expert witness that bolstered the credibility of the victim. Henington contends that counsel was ineffective in eliciting such testimony and that the trial court erred by failing to admonish the jury with

3

respect to what Henington contends was "highly prejudicial" testimony. Henington argues that the admission of testimony by the State's expert witness regarding the credibility of the victim created a miscarriage of justice such that it constituted a cognizable claim in accordance with our holding in *Strawhacker v. State*, where the grounds for the writ were expanded to ensure due process and to provide a state remedy where none exists. 2016 Ark. 348, 500 S.W.3d 716. Here, however, there was no error in the admission of the allegedly prejudicial testimony provided by the State's expert, and therefore, Henington has failed to allege a due-process violation that would come within the purview of coram nobis relief under our holding in *Strawhacker*. This is so because there was no legal basis to challenge the admission of testimony that was elicited by Henington's own counsel. *See Hicks v. State*, 327 Ark. 652, 941 S.W.2d 387 (1997) (Appellant cannot complain of error in the admission of testimony when he is the one who originally elicited the testimony.). To the extent that the allegation can be construed as a claim of ineffective assistance on the part of trial counsel, allegations of ineffective assistance of counsel do not support issuance of the writ. *Davis v. State*, 2018 Ark. 290, 558 S.W.3d 366. Coram nobis proceedings are not to be used as a substitute for timely raising claims of ineffective assistance of counsel under our postconviction rule, Arkansas Rule of Criminal Procedure 37.1 (2017). *Griffin v. State*, 2018 Ark. 10, 535 S.W.3d 261.

Likewise, Henington's claim of trial court error with respect to the failure by the court to admonish the jury about the expert's testimony is not cognizable in coram nobis proceedings. Assertions of trial error that could have been raised at trial are not within the purview of a coram nobis proceeding. *Key v. State*, 2019 Ark. 202, 575 S.W.3d 554. In any

event, any objection to the expert's testimony raised during trial or on appeal would have been meritless, and the trial court was not obliged to address the issue by admonishing the jury. *Hicks*, 327 Ark. 652, 941 S.W.2d 387.

Henington also appears to challenge the sufficiency of the evidence supporting his conviction. Challenges to the sufficiency of the evidence constitute a direct attack on the judgment and are not cognizable in a coram nobis proceeding. *Carner v. State*, 2018 Ark. 20, 535 S.W.3d 634.

## V. *Abuse of the Writ*

While Henington focuses on the testimony elicited by his trial counsel, he also challenges the admission of testimony from the Rule 404(b) witness and argues that the testimony was not reliable. Henington challenged the credibility of this witness's testimony in his two previous coram nobis petitions. Reassertion of the same claims without sufficient facts to distinguish the claims from those raised in a previous coram nobis petition is an abuse of the writ and subjects the petition to dismissal. *Scott v. State*, 2019 Ark. 94, 571 S.W.3d 451. The claim concerning the witness's credibility was not within the scope of the writ, and Henington has alleged no facts sufficient to distinguish the claim in the instant petition from the claim raised in the earlier petitions. Accordingly, Henington has abused the writ with respect to this reasserted claim for relief.

Petition denied.

*Danny R. Henington*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for respondent.