Cite as 2020 Ark. 153

# SUPREME COURT OF ARKANSAS
No. CR-14-1060

| | | |
|---|---|---|
| EDMOND MCCLINTON | | Opinion Delivered: April 23, 2020 |
| | PETITIONER | |
| | | |
| V. | | PRO SE SECOND PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS |
| STATE OF ARKANSAS | | |
| | RESPONDENT | [JEFFERSON COUNTY CIRCUIT COURT, NO. 35CR-12-106] |
| | | |
| | | PETITION DENIED. |

KAREN R. BAKER, Associate Justice

Petitioner Edmond McClinton is incarcerated in the Arkansas Department of Correction serving a life sentence for raping a mentally handicapped sixteen-year-old girl. McClinton appealed the conviction, and this court affirmed the judgment. *McClinton v. State*, 2015 Ark. 245, 464 S.W.3d 913. While the appeal was pending, McClinton filed a pro se petition asking this court to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis that this court denied. *McClinton v. State*, 2015 Ark. 161 (per curiam). In that petition, McClinton alleged a number of errors in the trial procedure, including errors in the trial court's sentencing procedure and its rulings on motions and the lack of a first appearance and other initial hearings. McClinton filed a second petition requesting permission to proceed in the trial court with a petition for writ

of error coram nobis, and, in it, he raises a different basis for the writ. McClinton alleges violations of *Brady v. Maryland*, 373 U.S. 83 (1963), in his latest petition seeking to reinvest jurisdiction to file a petition for the writ. Because McClinton's proposed attack on the judgment has no merit, we deny the second petition to reinvest jurisdiction for coram nobis proceedings.

McClinton's proposed basis for the writ is not completely clear, but he appears to assert that *Brady* violations occurred because the prosecution withheld two documents he attached as exhibits to the petition, one that appears to be a "LIMS-Plus Data Change Request" form from the Arkansas State Crime Laboratory and another that appears to be an "ER Flowsheet" for the rape victim's admission to a medical center on the date of the rape. McClinton also attached two internal chain-of-custody reports that appear to have been generated on the date of the data-change-request form and an evidence-submission form from the crime lab, as well as an affidavit and form indicating that the medical center provided the flowsheet to the prosecution. McClinton asserts that the document from the crime lab demonstrates that "the DNA evidence had been switched out" and that the hospital report states there were no signs of sexual intercourse. He contends that if the documents had been disclosed to the defense, he would not have been convicted.

A writ of error coram nobis is an extraordinarily rare remedy, and coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Martin v. State*, 2019 Ark. 167, 574 S.W.3d 661. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its

2

rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Id.*

The writ is issued only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Wade v. State*, 2019 Ark. 196, 575 S.W.3d 552. It is available to address errors found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Id.*

The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Jefferson v. State*, 2019 Ark. 408, 591 S.W.3d 310. This court will reinvest jurisdiction in the trial court to consider error coram nobis relief only when the proposed attack on the judgment is meritorious, and in making this determination, we look to the reasonableness of the allegations in the petition and to the probability of the truth thereof. *Davis v. State*, 2019 Ark. 172, 574 S.W.3d 666. This court is not required to accept at face value the allegations in the petition, and the burden is on the petitioner in the application for coram nobis relief to make a full disclosure of specific facts relied upon and not to merely state conclusions as to the nature of such facts. *Martin*, 2019 Ark. 167, 574 S.W.3d 661.

McClinton fails to meet this burden. When a petitioner alleges a *Brady* violation as the basis for his or her claim of relief in coram nobis proceedings, the facts alleged in the petition must establish that there was evidence withheld that was both material and

3

prejudicial such as to have prevented rendition of the judgment had it been known at the time of trial. *Ivory v. State*, 2019 Ark. 386, 589 S.W.3d 378. Evidence is material when there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *Id.*

McClinton makes only vague, conclusory statements that the evidence was withheld, without providing factual support in that regard, and such conclusory allegations are not sufficient to support issuance of the writ. *Jones v. State*, 2019 Ark. 340, 588 S.W.3d 33. Further, McClinton does not demonstrate that the evidence he contends was withheld was material because it does not support his claim that DNA evidence was "switched out" or that the hospital's report indicated the victim showed no signs of sexual intercourse.

McClinton appears to contend that the "ER Flowsheet" is proof that the victim showed no signs of sexual intercourse because it noted that there were no obvious tears or defects on exam, and it included no notation that the doctor completed a rape kit. The flowsheet that McClinton attached to the petition has handwritten notations making those allegations. But during McClinton's trial, there was testimony that other more detailed reports did reference the rape kit. While the testimony was that the victim did not have tears in the vaginal region when examined, the doctor who examined the victim testified that he took the samples for the rape kit and that the lack of rips or tears was not an indication that penetration had not occurred or that there had not been sexual intercourse. The information in the typed portion of the flowsheet was known and available at the time of trial, and McClinton has not shown that this information conflicts with the testimony

4

of the doctor and the nurse listed as attending to the victim. McClinton does not demonstrate that the information in the flowsheet would have established that the victim had not had sexual intercourse; nor does he demonstrate that the information had any effect on the result of the proceedings.

The data-change-request form also fails to demonstrate that the DNA evidence-- swabs used to obtain a DNA sample from McClinton--was "switched out" as McClinton contends. There was testimony at trial that the swabs, while labeled appropriately, were initially placed in a type of packaging that would have been routed to a different part of the crime lab than the area where the testing would be conducted. The document McClinton contends was withheld appears to reflect—when considered with the two internal chain-of-custody reports, the evidence-submission form, and the testimony at trial—that a correction was made to redirect the swabs to the appropriate testing area. McClinton has not demonstrated that the document shows the swabs tested were not the same swabs the witnesses indicated were delivered to the crime lab or that there had been any break in the actual chain of custody for the swabs while at the crime lab. In short, McClinton fails to show that, even if the flowsheet and data-change-request form were withheld, the information allegedly withheld was material and prejudicial—that is, it would have prevented rendition of the judgment if it had been known at the time of trial. His proposed bases for a petition are therefore without merit.

Petition denied.

*Edmond McClinton*, pro se petitioner.

5

*Leslie Rutledge*, Att'y Gen., by: *Michael L. Yarbrough*, Ass't Att'y Gen., for respondent.