Cite as 2021 Ark. 93

# SUPREME COURT OF ARKANSAS
**No.** CR–20–640

| | | |
|---|---|---|
| RANDY JAMES MYERS | | **Opinion Delivered:** April 29, 2021 |
| | APPELLANT | PRO SE APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT |
| V. | | [NO. 23CR-16-959] |
| STATE OF ARKANSAS | | HONORABLE CHARLES E. |
| | APPELLEE | CLAWSON, JR., JUDGE |
| | | AFFIRMED. |

**JOHN DAN KEMP, Chief Justice**

Appellant Randy James Myers appeals an order entered by the Faulkner County Circuit Court denying his pro se petition for writ of error coram nobis. Myers alleged in the petition that the State withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). A hearing was held on the petition for coram nobis relief, and Colin Wall, the deputy prosecutor assigned to Myers's case, was called to testify. Following the hearing, the circuit court denied relief. Because Myers has failed to demonstrate that the circuit court abused its discretion in declining to grant the relief sought, we affirm.

I. *Facts*

Myers's arrest and subsequent conviction arose when Chad Meli, an undercover officer with the Faulkner County Sheriff's Department, contacted and interacted with Myers in an internet chat room. During the course of Meli's interaction with Myers, Meli informed Myers that he had a daughter and a son, and arrangements were made for Myers to travel

from North Dakota to Arkansas to engage in sex with the children that Meli represented as being between the ages of eleven and fourteen. Myers was arrested in Faulkner County at the meeting place arranged by Meli and was charged with conspiracy to commit rape by engaging in sex with minors.

At the time of his arrest, officers seized computers containing child pornography and a suitcase containing sex paraphernalia. After his arrest, Myers waived his *Miranda* rights and provided a recorded statement to investigators admitting that he had traveled to Arkansas with the intention of engaging in sex with children between the ages of eleven and fourteen. Myers also admitted to investigators that his computer contained hundreds of images of child pornography.

In May 2018, Myers entered a negotiated plea of no contest to one count of conspiracy to commit rape and seven counts of possessing matter depicting sexually explicit images involving a child. Myers was sentenced to 360 months' imprisonment for conspiracy to commit rape and 120 months' imprisonment on each count of possessing child pornography. The sentences were imposed consecutively for an aggregate sentence of 840 months' imprisonment. Suspended sentences of ten years each were imposed on the remaining three counts of possession of child pornography. In exchange for Myers's no-contest plea, the State nolle prossed twenty-three additional counts of possession of child pornography. Myers subsequently filed a petition for postconviction relief pursuant to Rule 37.1 that was denied by the circuit court. The court of appeals affirmed the denial of the Rule 37.1 petition. *Myers v. State*, 2020 Ark. App. 16, 593 S.W.3d 29.

2

## II. *Writ of Error Coram Nobis*

The standard of review for an order on a petition for writ of error coram nobis is abuse of discretion in granting or denying the writ. *Pitts v. State*, 2020 Ark. 7, 591 S.W.3d 786. An abuse of discretion occurs when the trial court acts arbitrarily or groundlessly. *Id*. There is no abuse of discretion in the denial of error coram nobis relief when the claims in the petition were groundless. *Osburn v. State*, 2018 Ark. 341, 560 S.W.3d 774.

A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and that, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact that is extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Dednam v. State*, 2019 Ark. 8, 564 S.W.3d 259. A writ of error coram nobis is available to address certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. Error coram nobis proceedings are attended by a "strong presumption" that the judgment of conviction is valid. *Nelson v. State*, 2014 Ark. 91, at 3, 431 S.W.3d 852, 854.

## III. Brady-*Violation Claim*

Myers alleged in his petition for coram nobis relief and in his arguments on appeal that the transcript of the messages exchanged between Myers and Meli did not contain affirmative evidence that the sexual encounter was intended to take place between Myers and children under the age of fourteen. Myers also asserted that law enforcement had deleted portions of the messages. Myers contended that the transcript of the messages exchanged with Meli contained exculpatory evidence and was withheld "prior" to his arrest.

While *Brady* violations come within the purview of coram nobis relief, the fact that a petitioner alleges a *Brady* violation is not, in itself, a sufficient basis for the writ. *Wallace v. State*, 2018 Ark. 164, 545 S.W.3d 767. There are three elements of a *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. *Carner v. State*, 2018 Ark. 20, 535 S.W.3d 634.

When a petitioner alleges a *Brady* violation as the basis for his or her claim of relief in coram nobis proceedings, the facts alleged in the petition must establish that evidence was withheld that was both material and prejudicial such as to have prevented rendition of the judgment had it been known at the time of trial. *McClinton v. State*, 2020 Ark. 153, 597 S.W.3d 647. Evidence is material when there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *Id.*

Here, Myers presented no evidence that the transcripts of his interactions with Meli were withheld from the defense prior to his plea. Deputy Prosecutor Wall testified during the coram nobis hearing that the transcripts were provided to the defense. Accordingly, the circuit court found that the defense team had access to the transcripts months before Myers appeared and pleaded no contest to the charges. Furthermore, Myers failed to demonstrate he was prejudiced by the alleged suppression of exchanges contained in the transcripts. Thus, Myers failed to provide any evidence that the transcripts of his chat-room interactions had been suppressed by prosecutors before he appeared and pleaded no contest. However, even assuming that the transcripts were not made available to the defense or that certain portions of the interactions were deleted, Myers failed to satisfy his burden of producing a record sufficient to demonstrate prejudice. *Polivka v. State*, 2010 Ark. 152, 362 S.W.3d 918.

Additionally, the evidence in the record on appeal demonstrates that Myers confessed to investigators that he had intended to engage in sex with children between the ages of eleven and fourteen, that he subsequently pleaded no contest, and that he admitted there was sufficient evidence to demonstrate that he had conspired to commit rape. Myers does not establish a reasonable probability that the alleged ambiguity regarding the ages of the victims in his exchanges with Meli would have changed the result of the proceedings. *McClinton*, 2020 Ark. 153, 597 S.W.3d 647.

Further, during the course of the hearing, Myers questioned Wall about whether the charges had been filed in compliance with Administrative Order No. 5. The circuit court ruled that Administrative Order No. 5 did not apply in Myers's case because there was no actual child victim. On appeal, Myers argues that the circuit court erred by refusing to

consider this ground for coram nobis relief. Myers's argument is misplaced. The circumstances of the conspiracy-to-commit-rape charge were known when Myers pleaded no contest and should have been challenged at that time. Assertions of trial error that could have been raised at trial are not within the purview of a coram nobis proceeding. *Henington v. State*, 2020 Ark. 11, 590 S.W.3d 736. Whether prosecutors violated Administrative Order No. 5 was not a fundamental error of fact that was extrinsic to the record. *Roberts*, 2013 Ark. 56, 425 S.W.3d 771. Accordingly, we affirm the circuit court's denial of Myers's pro se petition for writ of error coram nobis.

Affirmed.

*Randy Myers*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael L. Yarbrough*, Ass't Att'y Gen., for appellee.