Cite as 2021 Ark. 108

# SUPREME COURT OF ARKANSAS

**No.** CR–14–1060

| | |
|---|---|
| EDMOND MCCLINTON | **Opinion Delivered** May 13, 2021 |
| PETITIONER | |
| V. | PRO SE THIRD PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS |
| STATE OF ARKANSAS | [JEFFERSON COUNTY CIRCUIT COURT, NO. 35CR-12-106] |
| RESPONDENT | |
| | PETITION DENIED. |

**KAREN R. BAKER, Associate Justice**

Petitioner Edmond McClinton was convicted of, and sentenced for, raping a mentally handicapped sixteen-year-old girl. McClinton appealed his conviction and life sentence, and this court affirmed. *McClinton v. State*, 2015 Ark. 245, 464 S.W.3d 913. McClinton filed his pro se third petition to reinvest jurisdiction in the trial court to consider a writ of error coram nobis, contending evidence that indicated DNA swabs had been switched by the Arkansas State Crime Laboratory was withheld in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); that the trial court lacked jurisdiction; and that there was no "bindover" at a preliminary hearing or grand jury. Because McClinton has failed to demonstrate in the petition that the writ should issue, and because some of his claims are successive, the petition is denied.

## I. *Background*

While his direct appeal was pending, McClinton filed his first pro se petition to reinvest jurisdiction in the circuit court to consider a petition for writ of error coram nobis that this court denied. *McClinton v. State*, 2015 Ark. 161 (per curiam). In that petition, McClinton raised a number of trial-procedure errors, including errors in the circuit court's rulings on motions and sentencing procedure and the lack of a first appearance and other initial hearings. *Id*. McClinton subsequently filed a pro se second petition to reinvest jurisdiction in the circuit court to consider a petition for writ of error coram nobis in which he raised allegations of *Brady* violations, claiming that documents were withheld that demonstrated that DNA evidence had been switched and that a hospital report indicated no signs of sexual intercourse. This court denied the petition. *McClinton v. State*, 2020 Ark. 153, 597 S.W.3d 647. McClinton now seeks relief in a third petition to reinvest jurisdiction.

## II. *Nature of the Writ*

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before

2

rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771. We are not required to accept at face value the allegations in a petition for writ of error coram nobis. *Jackson v. State*, 2017 Ark. 195, 520 S.W.3d 242.

### III. *Grounds for the Writ*

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

### IV. *Abuse of the Writ*

McClinton contends that information was withheld in violation of *Brady*.[1] Specifically, McClinton contends—as he has in a prior coram nobis petition—that the data-change-request form indicates that his DNA was exchanged with DNA from another file, and had that information been a part of trial discovery, he could have brought it to the

---

[1]To merit relief on a claim of a *Brady* violation, a petitioner must demonstrate that there is a reasonable probability that the judgment of conviction would not have been rendered or would have been prevented had the information been disclosed. *Jackson*, 2017 Ark. 195, 520 S.W.3d 242. There are three elements to a *Brady* violation: (1) the evidence at issue must be favorable to the accused either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. *Carner v. State*, 2018 Ark. 20, 535 S.W.3d 634. Before the court can determine whether a *Brady* violation has occurred, the petitioner must first establish that the material was available to the State prior to trial and that the defense did not have it. *Id.*, 535 S.W.3d 634.

attention of the trial court. This court previously noted that there was testimony at trial that the swabs were initially placed in a type of packaging that would have been routed to a different part of the crime lab than the area where the testing would be conducted, and the document that McClinton contends was withheld reflects that a correction was made to redirect the swabs to the appropriate testing area. *McClinton*, 2020 Ark. 153, 597 S.W.3d 647. Reassertion of the same claims without sufficient facts to distinguish the claims from those raised in a previous coram nobis petition is an abuse of the writ and subjects the petition to dismissal. *Henington v. State*, 2020 Ark. 11, 590 S.W.3d 736. McClinton has not alleged any facts sufficient to distinguish the claim in the instant petition from the claim raised in his previous petition.

In a conclusory statement, McClinton also contends that there was never a "bindover" at a preliminary hearing, which he contends violates the "Grand Jury clause." McClinton raised a myriad of claims in his first petition to reinvest jurisdiction, including claims that he was denied a prompt first appearance, a preliminary hearing, a grand jury, and an arraignment. *McClinton*, 2015 Ark. 161. McClinton vaguely reasserts the same claims regarding a preliminary hearing and a grand jury without sufficient facts to distinguish the claims in the instant petition from the claims raised in his first petition, and because they are an abuse of the writ, we will not address them. *Henington*, 2020 Ark. 11, 590 S.W.3d 736.

V. *Claims for Issuance of the Writ*

McClinton contends in a conclusory, one-sentence allegation that the circuit court lacked jurisdiction. The application for coram nobis relief must make a full disclosure of specific facts relied on as the basis for the writ. *McCullough v. State*, 2017 Ark. 292, 528

4

S.W.3d 833. McClinton fails to offer any factual substantiation for his claim. We are not required to accept at face value the allegations in a petition for writ of error coram nobis. *Jackson*, 2017 Ark. 195, 520 S.W.3d 242. A conclusory claim is not a ground for the writ. *Addison v. State*, 2020 Ark. 273, 606 S.W.3d 73.

Petition denied.

*Edmond McClinton*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Michael L. Yarbrough*, Ass't Att'y Gen., for respondent.