Cite as 2021 Ark. 175

# SUPREME COURT OF ARKANSAS

**No.** CR-14-580

| | | |
|---|---|---|
| | | **Opinion Delivered:** October 14, 2021 |
| KOU HER | | |
| | PETITIONER | PETITIONER'S PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS [JOHNSON COUNTY CIRCUIT COURT, NO. 36CR-13-77] |
| V. | | |
| STATE OF ARKANSAS | | |
| | RESPONDENT | |
| | | PETITION DENIED. |

**JOHN DAN KEMP, Chief Justice**

Petitioner Kou Her brings this pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. He advances five claims for relief: (1) all crimes for which he was convicted were committed during the course of one continuous act; (2) he was under the influence of narcotics during the commission of the crimes, and his trial counsel failed to argue voluntary intoxication as an affirmative defense; (3) he was incompetent to stand trial; (4) the prosecutor offered a plea deal that included a fifteen-year sentence and then rescinded that offer and replaced it with a forty-year-sentence offer after a victim died of her injuries; and (5) his trial counsel failed to offer mitigating evidence at sentencing about Her's history of mental illness and drug abuse. Because he has not presented a cognizable claim for coram nobis relief, we deny the petition.

## I. *Facts*

In December 2013, a Johnson County jury found Her guilty of first-degree murder, aggravated residential burglary, attempted kidnapping, first-degree battery, and aggravated assault. He was sentenced to two terms of life imprisonment, thirty years' imprisonment, fifteen years' imprisonment, and two years' imprisonment, to run consecutively. We affirmed. *Her v. State*, 2015 Ark. 405, at 1.

The convictions arose when Her attempted to kidnap his fourteen-year-old cousin, L.X., and in the process fatally injured L.X.'s six-year-old sister. Her had planned to trade L.X. for sex in payment of a debt Her owed to a drug dealer. Her was apprehended by police officers at the scene. *Id.* at 2–3.

## II. *Writ of Error Coram Nobis*

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the

burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Pitts v. State*, 336 Ark. 580, 986 S.W.2d 407 (1999). A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. The burden is on the petitioner in the application for coram nobis relief to make a full disclosure of specific facts relied upon and not to merely state conclusions as to the nature of such facts. *McCullough v. State*, 2017 Ark. 292, 528 S.W.3d 833.

### III. *Claims for Relief*

In his petition, Her asserts that (1) all crimes for which he was convicted were committed during the course of one continuous act; (2) his trial counsel failed to raise an affirmative defense based on his voluntary intoxication; (3) he was incompetent to stand trial; (4) there was prosecutorial misconduct during plea negotiations; and (5) his trial counsel failed to present mitigation evidence about Her's history of mental illness and drug abuse.

Her's first claim alleging a continuous course of conduct constitutes a double-jeopardy claim pursuant to Arkansas Code Annotated section 5-1-110(a)(5) (Repl. 2013). Double-jeopardy claims such as the one asserted by Her do not fall within any of the four categories of recognized coram nobis claims. *Pelletier v. State*, 2015 Ark. 432, 474 S.W.3d

500. Her's second and fifth claims that counsel failed to raise an affirmative defense of voluntary intoxication[1] and failed to offer mitigating evidence during the sentencing phase of the trial are claims of ineffective assistance of counsel. As such, they do not support issuance of the writ of error coram nobis. *Henington v. State*, 2020 Ark. 11, 590 S.W.3d 736. Coram nobis proceedings are not to be used as a substitute for timely raised claims of ineffective assistance of counsel under Arkansas Rule of Criminal Procedure 37.1. *Id.*

Her's third claim that, despite the conclusion of the psychological examiner, he was incompetent to stand trial, similarly fails to state a claim for coram nobis relief. *Everett v. State*, 2021 Ark. 113. When a petitioner seeking the writ makes no assertion that there was any evidence of his incompetence extrinsic to the record, hidden from the defense, or unknown at the time of trial, the writ will not lie to grant the sought–after relief. *Id.* Her admits in his petition that he was aware of the evaluation that found him competent to stand trial but complains that the evaluation was not submitted into evidence at the trial. Furthermore, Her indicates that he was fully aware of his mental-health history. Thus, the issue of his competence could have been addressed at trial.

It appears that Her's fourth claim regarding the guilty–plea negotiations represents a claim of prosecutorial misconduct and ineffective assistance of counsel. Her asserts that he did not accept a second plea offer because his attorney had assured him that the first offer of a fifteen-year sentence was official, and Her appears to imply that the plea negotiations initiated by the prosecutor were made in bad faith. Her does not assert that the prosecutor

---

[1]Voluntary intoxication caused by drugs or alcohol is not an affirmative defense to criminal prosecution. *Leach v. State*, 2012 Ark. 179, 402 S.W.3d 517.

withheld material evidence, and Her was aware of the facts surrounding the plea negotiations when he chose to reject the second offer and proceed to trial. Assertions of prosecutorial misconduct that could have been raised during trial are not allegations of material evidence withheld by the prosecutor and are therefore not claims that fall within the purview of coram nobis relief. *King v. State*, 2021 Ark. 84. To the extent that Her is alleging ineffective assistance of counsel, as stated above, such a claim is not cognizable in a coram nobis proceeding. *Henington*, 2020 Ark. 11, 590 S.W.3d 736.

Finally, Her argues that the five claims for relief constitute violations of his fundamental due-process rights and should therefore be recognized as an exception under our holding in *Strawhacker v. State*, 2016 Ark. 348, 500 S.W.3d 716. Her is mistaken. In *Strawhacker*, the facts alleged in the coram nobis petition called into question the reliability of expert testimony offered at trial, based on facts that were unknown at the time of the trial. In this case, Her was fully aware of the factual basis for his five claims at the time of trial. In sum, the allegations raised by Her do not set out facts that were extrinsic to the record and otherwise do not fall within the four categories recognized as grounds for issuance of the writ. *Howard*, 2012 Ark. 177, 403 S.W.3d 38; *Newman*, 2009 Ark. 539, 354 S.W.3d 61.

Petition denied.