Cite as 2021 Ark. 205

# SUPREME COURT OF ARKANSAS
**No.** CR-11-1161

| | |
|---|---|
| | **Opinion Delivered:** November 12, 2021 |
| JOSEPH CHUNESTUDY<br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br>RESPONDENT | PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR A WRIT OF ERROR CORAM NOBIS; MOTION FOR APPOINTMENT OF COUNSEL; MOTION TO RECEIVE A COPY OF CLIENT RECORDS<br>[GREENE COUNTY CIRCUIT COURT, NO. 28CR-09-608]<br><br>PETITION DENIED; MOTION FOR APPOINTMENT OF COUNSEL MOOT; MOTION TO RECEIVE A COPY OF CLIENT RECORDS DENIED. |

**KAREN R. BAKER, Associate Justice**

Petitioner Joseph Chunestudy brings this pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. In 2011, a jury found Chunestudy guilty of the rape of his minor daughter, and he was sentenced to life imprisonment. We affirmed. *Chunestudy v. State*, 2012 Ark. 222, 408 S.W.3d 55. Chunestudy contends that he is entitled to coram nobis relief because (1) his daughter has executed an affidavit that recants her trial testimony, (2) the prosecutor allowed his daughter to perjure herself on matters surrounding her criminal history, and (3) his trial counsel was ineffective. Chunestudy also filed motions for appointment of counsel and to receive a copy of client records pursuant to Rule 19 of the Arkansas Rules of Appellate Procedure–Criminal. Because Chunestudy fails to raise cognizable

claims for coram nobis relief, we deny the petition. Therefore, Chunestudy's motion for appointment of counsel is moot. Chunestudy's petition for a copy of his client records fails to name either his trial counsel or his appellate counsel and fails to allege in the pleading that he has requested copies of his records from either attorney. In view of this, Chunestudy's petition for a copy of his records is denied. *See* Ark. R. App. P.–Crim. 19(a) (2020) (motion requesting records must state that the convicted offender has requested copies from counsel and that counsel did not provide the documents).

## I. *Background*

As stated above, Chunestudy was convicted of the rape of his daughter. The evidence adduced at trial demonstrated that Chunestudy had an ongoing, long-term sexual relationship—including sexual intercourse—with his minor daughter. The abuse began when they lived in Oklahoma when she was eleven or twelve and continued after they moved to Arkansas, including when they resided in Greene County. *Chunestudy*, 2012 Ark. 222, 408 S.W.3d 55. The evidence also established that Chunestudy married his daughter when she reached maturity, and they moved to Craighead County. *Id.* Other evidence adduced at trial included the testimony of an investigating officer who revealed that when Chunestudy was asked if he had sex with his daughter when she was a minor, Chunestudy responded, "I can't say that," or "I can't say that I didn't." *Id.* at 8–9, 408 S.W.3d at 61.

Chunestudy subsequently filed a petition for postconviction relief pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure alleging that he was not afforded effective assistance of counsel. The trial court conducted a hearing and issued an order denying the petition. We found no clear error and affirmed. *Chunestudy v. State*, 2014 Ark. 345, 438 S.W.3d 923.

## II. *Nature of the Writ*

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id*. A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

## III. *Claims for Relief*

Chunestudy bases his claim for relief primarily on the affidavit executed by his daughter recanting her trial testimony and stating that she was in a disassociated state when she testified. Chunestudy argues that coram nobis relief should be extended to include subsequent recanted

3

testimony. We decline to do so. It is well settled that recanted testimony, standing alone, is not cognizable in an error coram nobis proceeding. *Foreman v. State*, 2018 Ark. 330 (citing *Jackson v. State*, 2017 Ark. 195, 520 S.W.3d 242; *Taylor v. State*, 303 Ark. 586, 799 S.W.2d 519 (1990); *Smith v. State*, 200 Ark. 767, 140 S.W.2d 675 (1940) (holding that the writ was not available to afford relief on the ground that the principal witness against the accused had recanted)). Over a century ago, this court made it clear that, after examining cases reported in this country and in England, the writ of error coram nobis does not lie to contradict issues that have already been adjudicated. *Beard v. State*, 81 Ark. 515, 99 S.W. 837 (1907). Here, the credibility of the victim's trial testimony that she was raped by her father when she was a minor has already been adjudicated and cannot be contradicted by an affidavit filed by the victim almost ten years after she testified at the trial.

Chunestudy makes additional allegations to support his claim for relief, none of which are cognizable in these proceedings. Chunestudy first alleges that the prosecutor and his trial counsel allowed the victim to distort facts surrounding her prior criminal history and her level of education. However, it is clear from a review of Chunestudy's petition that the victim's alleged misleading testimony was known to Chunestudy at the time of trial and was therefore not extrinsic to the record. Claims that a petitioner could have known or did know about at the time of trial do not provide grounds for issuance of the writ of error coram nobis. *Ashley v. State*, 2021 Ark. 89. Moreover, Chunestudy made similar allegations in his Rule 37.1 petition that counsel was ineffective for failing to challenge the victim's testimony surrounding a break-in that she allegedly carried out. This court found that trial counsel's alleged failure in this regard was not prejudicial to the defense. *Chunestudy*, 2014 Ark. 345, 438 S.W.3d 923. Error coram nobis relief requires the establishment of facts unknown to the defense that would have changed

the outcome of the trial. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. Chunestudy has not shown that the exposure of any alleged misleading statements made by the victim regarding her education and her criminal history would have changed the outcome of the trial. Finally, assertions of prosecutorial misconduct that could have been raised during trial are not allegations of material evidence withheld by the prosecutor and therefore are not claims that fall within the purview of coram nobis relief. *King v. State*, 2021 Ark. 84.

The remainder of Chunestudy's claims appear to include ineffective-assistance-of-counsel claims. Chunestudy contends that his trial counsel failed to effectively challenge the victim's above-referenced alleged misleading testimony. Allegations of ineffective assistance of counsel do not support issuance of the writ. *Henington v. State*, 2020 Ark. 11, 590 S.W.3d 736. Coram nobis proceedings are not to be used as a substitute for timely raising claims of ineffective assistance of counsel under our postconviction rule, Arkansas Rule of Criminal Procedure 37.1. *Id*. Here, Chunestudy's ineffective-assistance-of-counsel claims were previously raised and rejected by this court. *Chunestudy*, 2014 Ark. 345, 438 S.W.3d 923.

Petition denied; motion for appointment of counsel moot; motion to receive a copy of client records denied.

*Joseph Chunestudy*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for respondent.