Cite as 2022 Ark. 50

# SUPREME COURT OF ARKANSAS

No. CR-17-85

| | |
|---|---|
| RONALD ANTHONY ANTONIELLO<br>PETITIONER<br><br>V.<br><br><br>STATE OF ARKANSAS<br>RESPONDENT | **Opinion Delivered**: March 3, 2022<br><br><br>PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS; PRO SE PETITION FOR WRIT OF HABEAS CORPUS; AND PETITION TO CORRECT AN ILLEGAL SENTENCE<br>[MILLER COUNTY CIRCUIT COURT, NO. 46CR-14-480]<br><br><br>PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS DENIED; PETITION FOR WRIT OF HABEAS CORPUS DISMISSED; AND PETITION TO CORRECT AN ILLEGAL SENTENCE DENIED. |

**RHONDA K. WOOD, Associate Justice**

Ronald Antoniello was convicted of thirty instances of child pornography. He argues his convictions, which involve thirty different depictions of a child, arose from a single criminal episode and should have resulted in only one conviction, not thirty. His pro se petition seeks (1) to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis; (2) a writ of habeas corpus; and (3) a correction of an allegedly illegal sentence. Because Antoniello fails to plead grounds for coram nobis relief, failed to file his

habeas claim in the circuit court, and does not present evidence of an illegal sentence, we do not grant relief.

## I. *Background*

Antoniello was convicted of thirty counts of distributing, possessing, or viewing matters depicting sexually explicit conduct involving a child in violation of Arkansas Code Annotated § 5-27-602 (Repl. 2013). He received a 120-month sentence on each count, to run consecutively, totaling 3,600 months' imprisonment in the Arkansas Department of Correction. The court of appeals affirmed. *Antoniello v. State*, 2018 Ark. App. 105, 542 S.W.3d 878.

## II. *Claims for Relief*

### A. Writ of Error Coram Nobis

Once a judgment is affirmed on appeal, a defendant must seek permission in this court to proceed in the trial court for a writ of error coram nobis. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

Antoniello contends that he is entitled to coram nobis relief because his thirty child-pornography convictions arose from one criminal episode. He also contends that his trial attorney was ineffective by refusing to address the double-jeopardy issue. Double-jeopardy claims do not fall within any of the categories of recognized coram nobis claims. *Her v. State*,

2021 Ark. 175, 630 S.W.3d 603 (cleaned up). Antoniello's ineffective-assistance-of-counsel claim is likewise not cognizable in error coram nobis proceedings. *Chunestudy v. State*, 2021 Ark. 205, 633 S.W.3d 324. Coram nobis proceedings are not a substitute for timely raising claims of ineffective assistance of counsel under our postconviction rule, Arkansas Rule of Criminal Procedure 37.1. *Id.*

## B. Writ of Habeas Corpus

Repeating his allegations of a double-jeopardy violation and ineffective assistance of counsel, Antoniello also asks that this court issue a writ of habeas corpus. We require an incarcerated petitioner to first address habeas petitions with the circuit court in the county where the petitioner is incarcerated because the circuit court can immediately hold any hearing that is necessary to determine any material facts in issue. *Mitchael v. State*, 2020 Ark. 336. Consequently, we dismiss this claim because Antoniello must file his habeas petition in the circuit court where he is incarcerated.

## C. Petition to Correct an Illegal Sentence

Finally, Antoniello's petition included a request to "correct an illegal sentence pursuant to 16-90-11 [sic]" in the title of his petition but failed to raise any arguments in the body of his pleading to support this request. Thus, we do not consider it, and it also is denied.

Petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis denied; petition for writ of habeas corpus dismissed; and petition to correct an illegal sentence denied.

*Ronald Anthony Antoniello*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Walker K. Hawkins*, Ass't Att'y Gen., for appellee.